UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — — — — x
                            :

HORIZON HEALTHCARE SERVICES, INC.,   :   Case No. 08 CV 4428 (LTS) (RLE)
HORIZON HEALTHCARE OF NEW YORK,   :
INC. and RAYANT INSURANCE COMPANY   :
OF NEW YORK f/k/a HORIZON   :
HEALTHCARE INSURANCE COMPANY OF   :
NEW YORK,   :
                            :

        Plaintiffs,   :
                            :

         - against -   :
                            :

LOCAL 272 LABOR MANAGEMENT   :
WELFARE FUND,   :
                            :

        Defendant.

— — — — — — — — — — — — — — — — — — — — — — — — — — x

MEMORANDUM OF LAW ON BEHALF OF
LOCAL 272 WELFARE FUND
<u>IN SUPPORT OF MOTION TO DISMISS</u>

PITTA & DREIER LLP
499 Park Avenue
New York, New York  10022
(212) 652-3828

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS .............................................................................1

ARGUMENT.................................................................................................4

    I   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN
       INDISPENSABLE PARTIES ...........................................................4

       A.  The Affected Hospitals Are Necessary Parties Because Complete Relief
            Cannot Be Granted In Their Absence...........................................5

       B.  The Affected Hospitals Are Necessary Parties Because They Claim An
            Interest In The Subject Matter Of The Dispute And They Are So Situated
            That The Disposition Of The Action May Prejudice Their Rights Or The
            Rights Of The Fund ....................................................................7

       C.  The Lawsuit Cannot Proceed Without Joinder Of The
            Affected Hospitals .....................................................................7

    II  COUNTS TWO, THREE AND FOUR SHOULD BE DISMISSED
       BECAUSE THEY ARE PREEMPTED BY ERISA .........................................9

CONCLUSION............................................................................................11

i

## PRELIMINARY STATEMENT

Defendant Local 272 Welfare Fund, sued herein as Local 272 Labor Management Welfare Fund (the "Fund" or "defendant") hereby submits this memorandum of law in support of their motion for an order dismissing the complaint of Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc. and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company of New York ("Horizon" or "plaintiffs") or, in the alternative, ordering joinder of New York Presbyterian Hospital System as a party-plaintiff.

## STATEMENT OF FACTS

The Fund is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (Complaint ¶¶ 2-3; Declaration of Jane Lauer Barker ("Barker Decl.") ¶6)). The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives as required by Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). (Barker Decl. ¶ 5).

The Fund provides, <u>inter alia</u>, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund. (Barker Decl. ¶ 6). The Fund is governed by plan documents, including a Summary Plan Description, setting forth the types of benefits provided by the Fund and any limitations on benefits, eligibility for coverage, and the like. The Fund, pursuant to the plan documents, receives claims for medical benefits from, and on behalf of, participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's plan and pays benefits to the participants or beneficiaries or to health care providers, as the case may be. (Barker Decl. ¶ 7).

In or about June 1, 2003, Horizon and the Fund entered into an arrangement by which Horizon provided eligible Fund participants and beneficiaries access to various hospitals with which Horizon had entered into agreements, called Network Hospital Arrangements, with hospitals, including with the New York Presbyterian Hospital System ("NYPHS") and Continuum (collectively the "network hospitals"). (Complaint ¶¶ 11, 16, 17).    Under that arrangement, the Fund was responsible for determining and verifying the eligibility of Fund beneficiaries and their dependents, and for processing and adjudicating all claims for services rendered to the participants and beneficiaries by the network hospitals, paying claims, and processing appeals from the denial of claims. (Complaint ¶ 17).

The Fund denied a number of claims submitted to it by certain network hospitals and refused to pay the full amount of a number of other claims submitted by the hospitals for services rendered to participants and beneficiaries of the Fund. (Complaint ¶¶ 26-30).

Because the Fund denied a number of claims submitted by network hospitals or refused to pay the full amount of a number of other claims, the hospitals made claims against Horizon on the ground that under the Network Hospital Arrangements, the Horizon is required to that the Fund pays all claims for services in full as billed. (Complaint ¶ 3).    Continuum agreed not to proceed with its claims against Horizon until it had exhausted all appeals with the Fund. (Complaint ¶¶ 4, 37).    However, NYPHS did take action against Horizon by commencing an arbitration to recover the difference between the amounts paid by the Fund for services rendered by NYPHS to the Fund's participants and beneficiaries and the amounts claimed by NYPHS to be due for the services. (Complaint ¶ 9).    Upon information and belief, the hospitals within NYPHS which NYPHS claims are owed monies from the Fund include New York Methodist

Hospital, New York Presbyterian Hospital, Nyack Hospital, and the New York Hospital Medical Center of Queens (the "affected hospitals"). (Barker Decl. Exh. "C").

The alleged basis for the NYPHS' arbitration against Horizon is the Network Hospital Arrangements which, according to the complaint, require Horizon to either "guarantee payment of claims for self-insured beneficiaries and their eligible dependents or ensure that payment is made …." (Complaint ¶ 28). The NYPHS' claims in arbitration included claims for monies allegedly due from the Fund for services rendered to the Fund's participants and beneficiaries, as well as monies allegedly due from other union welfare benefit plans. (Complaint ¶ 28).

Horizon alleges that, because by virtue of the Network Hospital Arrangements it has had to defend itself against NYPHS in the arbitration and because it has had to respond to Continuum's claims that Horizon should satisfy the Fund's obligations, it has incurred attorney's fees and costs. (Complaint, ¶¶33, 40).

Horizon has asserted four causes of action against the Fund. First, it claims that the Fund breached its contract with the Horizon by failing to pay to the network hospitals whatever amounts were billed by the network hospitals to the Fund for services rendered. (Complaint ¶ 43). Second, it claims that the Fund has breached a duty of good faith and fair dealing by failing to pay the amounts billed by the network hospitals. (Complaint ¶ 49). Horizon claims that the Fund has been unjustly enriched by failing the full amount billed to the Fund by the network hospitals. (Complaint ¶ 53). Horizon also claims that the failure of the Fund to pay the full amounts billed by the network hospitals for services rendered to the Fund's beneficiaries constitutes a prima facie tort. (Complaint ¶ 56).

As relief, Horizon seeks a declaratory judgment and damages in the amount of the difference between the amounts that the network hospitals billed the Fund and the amounts that

the Fund paid to the affected hospitals. (Complaint ¶ 62, p. 16). In addition, Horizon seeks an order directing the Fund to reimburse Horizon for its attorney's fees and costs in connection with its defense of the arbitration brought against it by NYPHS. Finally, Horizon also seeks compensatory and punitive damages against the Fund. (Complaint p. 17).

In accordance with the Court's Individual Practices Rules, the parties have exchanged pre-motion letters and have spoken by telephone addressing the merits of this motion.

## ARGUMENT

### I
### THE COMPLAINT SHOULD BE DISMISSED
### FOR FAILURE TO JOIN INDISPENSABLE PARTIES

The complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 19 because plaintiff failed to join necessary and indispensable parties -- namely the affected hospitals in NYPHS that claim to be owed the monies for services rendered to the Fund's participants and beneficiaries the Fund has allegedly failed to pay.

Rule 19 of the Federal Rules of Civil Procedure governs whether an unnamed party is an indispensable party to a litigation. The rule establishes a two-step process for determining whether an action should be dismissed for non-joinder. *Viacom Int'l, Inc. v Kearney,* 212 F. 3d 721, 724 (2d Cir. 2000). First, the court must evaluate whether the party is "necessary" under Rule 19(a)(1). *Id.* A party is necessary if (1) in the person's absence the court cannot accord complete relief among existing parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence might (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest. Fed. R. Civ. P. Rule 19(a)(1)(A), (B).

Where the court determines that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must determine whether "in equity or good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. Rule 19(b). Whether the case proceeds without the existing parties "will turn upon factors that are case specific," *Republic of Philippines v. Pimentel,___ S. Ct. ___, 2008 WL 2369069 (2008)*, and include considerations of 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties, 2) the extent to which any prejudice could be lessened or avoided by relief or measures alternative to dismissal, 3) whether a judgment rendered without the absent party would be adequate, and 4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Applying this analytical framework to this case establishes that the affected hospitals are necessary parties under Rule 19(a), that it is not feasible to join the affected hospitals, and that this lawsuit must be dismissed under Rule 19(b).

**A.     The Affected Hospitals Are Necessary Parties Because
         Complete Relief Cannot Be Granted In Their Absence**

Complete relief cannot be granted among the parties present because not every party to whom the Fund is allegedly liable or against whom the Fund has defenses to the liability sought to be imposed by Horizon is present. While Horizon ostensibly sues for breach of its contract with the Fund, and generally a nonparty to a commercial contract is not a necessary party to an adjudication of rights under the contract, that rule does not apply here because the affected hospitals are "directly implicated" as the primary participants in the transactions at issue. *Viacom Int'l Co.,* 212 F. 3d at 725. The affected hospitals have the primary legal interest since they are the entities to whom the Fund allegedly failed to pay the full amounts that those

hospitals billed the Fund.  Furthermore, there are really two contracts involved in this dispute: the Network Hospital Arrangments in addition to the Horizon agreement with the Fund.  The parties to the Network Hospital Arrangements are necessary since their rights under those arrangements are at issue as well.

Additionally, the Fund has defenses and objections to a number of the claims submitted to it by the affected hospitals.  (See, Barker Decl. ¶¶ 9-10).  The hospitals must be parties to this action so that the Fund can obtain an adjudication of its obligations to the affected hospitals under its agreement with Horizon and the Network Hospital Arrangement.  If the affected hospitals are not joined, their claims to be paid the amounts the NYPHS claims is owed to them by the Fund would be prejudiced. Without the affected hospitals present, the Court could be obligated to grant a partial or "hollow" judgment since the rights of the affected hospitals would not be adjudicated and the Fund's obligations to pay the bills submitted to it by those hospitals could not be addressed.  See, Rule 19 (Advisory Committee's Notes).

Finally, it is necessary that the affected hospitals be present to avoid repeated lawsuits on the same subject matter. *Cf. Continental Casualty Co. v. American Home Assurance Co., 2008 WL 1752231 (S.D.N.Y. 2008).* Any relief awarded without the affected hospitals will not completely adjudicate the dispute, and the Fund would be at risk of subsequent lawsuits by the affected hospitals on the same claims.  The affected hospitals are, therefore, necessary parties. See, *Rubler v. Unum Provident Corp.,* 2007 WL 188024 *2 (S.D.N.Y. 2007) (party who claims a breach of obligations must participate in litigation).

**B.**  **The Affected Hospitals Are Necessary Parties Because**
**They Claim An Interest In The Subject Matter Of The Dispute**
**And They Are So Situated That the Disposition Of The Action**
**May Prejudice Their Rights Or The Rights Of The Fund**

The affected hospitals, part of the NYPHS, have an interest which is directly affected

legally by the adjudication of this lawsuit. The NYPHS has claimed that interest by commencing

an arbitration against plaintiff asserting the right of the affected hospitals to be paid the amounts

they have billed the Fund.   Horizon has alleged that the NYPHS is seeking to hold it liable for

the difference between the amount that the affected hospitals claim to be owed and the amounts

that the Fund has paid. Thus, it is cannot be disputed that the affected hospitals are parties

claiming an interest in the subject matter of a lawsuit.   In addition, as a practical matter, without

the participation of the affected hospitals, their interest cannot be protected and the Fund would

be at great risk of incurring "double, multiple, or otherwise inconsistent obligations by reason of

the claimed interest." The claims in this lawsuit require an adjudication of the affected hospitals

rights vis-à-vis the Fund and any defenses the Fund may have to claims submitted by the affected

hospitals to the Fund for payment.  If the affected hospitals are not joined, they could bring

subsequent lawsuits against the Fund on the same claims as Horizon is asserting, and another

court could make an inconsistent declaration of the Fund's rights. Thus, in the absence of the

affected hospitals, there is a substantial risk that the rights of both the affected hospitals and the

Fund will be prejudiced.

**C.**  **The Lawsuit Cannot Proceed Without Joinder of the Affected Hospitals**

The affected hospitals are indispensable and joinder is not feasible.   The number of

affected hospitals and large number of claims potentially at issue make joinder infeasible.

Applying the required multiple factors in this case to determine whether to proceed without a

required person demonstrates that the lawsuit should be dismissed. *Provident Tradesmens Bank & Trust v. Patterson,* 39 U.S. 102, 119 (1968).

As the described by the U.S. Supreme Court in *Provident Tradesmens Bank,* 390 U.S. at 109-112, Rule 19 suggests four "interests" that must be examined in each case to determine whether a court should proceed without a party whose absence from the litigation is compelled. First, from the Fund's perspective, a defendant has an interest in avoiding multiple litigation, or inconsistent relief. The absent hospitals would likely not be bound by any judgment rendered and may well decide to sue the Fund for services rendered to Fund participants and beneficiaries. Second, there is "the interest of the outsider whom it would have been desirable to join." *Provident Tradesmens Bank,* 39 U.S. 102, 110 (1968). As Rule 19(a) cautions, the court must consider the extent to which a judgment may impair or impede the absent party's ability to protect his interest. Any judgment rendered in the absence of the affected hospitals might prejudice the hospitals, and since it is their right to payment that is at issue here, there appears to be no viable way to shape relief to avoid such prejudice. Third, there "remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank* at 111. Allowing this lawsuit to proceed without the absent parties would be directly contrary to the public's interest in "settling disputes by wholes...." *Id.* Fourth, while the plaintiff has an interest in having a forum, the dismissal of this case will not 1) prevent plaintiff from defending itself in the arbitration which is apparently still ongoing, or 2) prevent the real parties in interest, the affected hospitals, from obtaining a remedy since they have available forum, including this court where each hospital could, assuming satisfaction of the Fund's internal appeal procedures, commence suits to collect benefits owed to beneficiaries of the Fund. Therefore, because the affected hospitals are indispensable parties and an analysis of

the case-specific factors demonstrates that it would be inequitable to proceed without the absent parties, this lawsuit must be dismissed. *Republic of Philippines v. Pimentel*, 2008 WL 236068 *12-*14 (2008).

## II
## COUNTS TWO, THREE AND FOUR SHOULD
## BE DISMISSED BECAUSE THEY ARE PREEMPTED BY ERISA

Section 514(a) of ERISA broadly preempts state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). A state law "relates to" "ERISA plans if it has a "connection with" or "reference to" such plans. *Shaw v. Delta Air Lines, Inc.,* 462 U.S. 85, 97 (1983). State laws that provide alternative causes of action for collecting benefits, such as a state cause of action for improper processing of a claim, relate to plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). State laws encompassed by ERISA's preemption provision include not only state statutes, but state common law causes of action relating to employee benefit plans. *Id.; Smith v. Dunham Bush, Inc.,* 959 F. 2d 6, 8-10 (2d Cir. 1992) (breach of contract and negligent representation claims preempted); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F. 2d 270, 287-88 (2d Cir. 1992) (common law fraud claims preempted); *Nealy v. U.S. Healthcare HMO,* 944 F. Supp.966 (S.D.N.Y. 1994) (breach of contract, misrepresentation, and breach of fiduciary duty claims preempted).

Counts Two, Three and Four of the complaint must be dismissed because they "relate to" the Fund in that they seek to require the Fund to pay claims for benefits and/or damages for the failure to pay claims for benefits. First, the Counts are preempted because they explicitly allege that the Fund is an employee welfare benefit plan within the meaning of ERISA. Complaint ¶ 8. Laws that make "reference to" ERISA plans are laws that "relate to" those plans within the

meaning of section 514(a) of ERISA. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 829 (1988).

Furthermore, it is virtually taken for granted that state laws that are "specifically designed to affect employee benefit plans," are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. at 47-48. In *Smith v. Dunham Bush, Inc.,* the plaintiff sought to enforce an oral promise to pay pension benefits. The Second Circuit held, "As a suit brought by a plan participant to clarify future benefits in relation to a covered plan, it falls within the scope of [ERISA], which provides an exclusive federal cause of action for the resolution of such disputes." *Smith v. Dunham Bush, Inc.,* 959 F. 2d at 8. In *Diduck v. Kaszycki & Sons Contractors, Inc.,* the Second Circuit concluded that common law fraud claims which had as "'critical factor in establishing liability'" the existence of a plan and duties similar imposed by ERISA was preempted. 974 F. 2d at 288. In *Plumbing Industry Board v. E.W. Howell Co., Inc.,* 126 F. 3d 61, 68 (2d Cir. 1997), the Second Circuit concluded that New York Lien Law § 5 was prempted by ERISA because it provided to employee benefit plans an "alternative mechanism - filing a lien that attached to improvement funds - for enforcing rights protected by ERISA § 502(a). See also, *Raff v. Travelers Insurance Company,* 1996 WL 137310 *4 (S.D.N.Y. 1996) (breach of contract, conversion, and unjust enrichment claims preempted under section 514(a) as "essentially a suit brought ... to recover monies taken in violation of the terms of the plan").

Plaintiff has brought state law claims for breach of the duty of good faith and fair dealing, unjust enrichment, and prima facie tort, all based upon the allegations that the Fund has failed to pay to the network hospitals amounts claimed by the hospitals to be owed for services rendered by the hospitals to the Fund's participants and beneficiaries. As those claims are duplicative of claims provided in section 502(a) of ERISA, 29 U.S.C. § 1132(a) which provide the exclusive

means to force an employee benefit plan to pay benefits, they are preempted by section 514(a) of

ERISA, 29 U.S.C. § 1144(a) and must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Fund respectfully urges that the Court dismiss the

complaint in its entirety.

Dated: June 26, 2008
       New York, New York

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Defendant*

By: _____
            Jane Lauer Barker (JB 5436)
499 Park Avenue
New York, NY  10022
(212) 652-3890 (telephone)
(212) 652-3891 (facsimile)

{00365010.DOC;}                    11