Todd L. Schleifstein (TS 3787)
Joshua R. Pini (JP 9548)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Plaintiffs*
*Horizon Healthcare Services, Inc., Horizon*
*Healthcare of New York, Inc., and Rayant*
*Insurance Company of New York f/k/a Horizon*
*Healthcare Insurance Company of New York*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC., HORIZON HEALTHCARE OF NEW YORK, INC., and RAYANT INSURANCE COMPANY OF NEW YORK f/k/a HORIZON HEALTHCARE INSURANCE COMPANY OF NEW YORK,<br><br>                Plaintiffs,<br><br>v.<br><br>LOCAL 272 LABOR MANAGEMENT WELFARE FUND,<br><br>                Defendant. | Civil Action No 08-cv-4428 (LTS)<br><br>**<u>CERTIFICATION OF</u>**<br>**<u>PETER J. GALLAGHER IN SUPPORT</u>**<br>**<u>OF PLAINTIFFS' REMAND MOTION</u>** |

**PETER J. GALLAGHER** certifies:

1.    I am an attorney licensed to practice in the State of New York and an associate in the law firm of Greenberg Traurig, LLP, counsel for Plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company Of New York (collectively, "Horizon") in this case. I make this certification on personal knowledge

and in support of Horizon's motion to remand this matter to state court where it was originally filed.

2. Pursuant to Paragraph 2 of the Court's Individual Practice rules, the parties have attempted to informally resolve the issues raised in both (i) Horizon's remand motion and (ii) Defendant Local 272 Welfare Fund's (the "Fund") motion to dismiss prior to the filing of these motions.

3. To this end, the parties exchanged correspondence in support of each of their affirmative motions and in opposition to each motion, and then conferred telephonically regarding the legal and factual issues raised in these letters. (Copies of the correspondence exchanged between the parties is attached to this Certification as Exhibits A through D. Exhibit A is a copy of Horizon's letter to the Fund in support of its remand motion. Exhibit B is the Fund's response to Horizon's letter. Exhibit C is the Fund's letter in support of its motion to dismiss. Exhibit D is Horizon's response to the Fund's letter.) Unfortunately, despite the best efforts of counsel, the parties were unable to resolve their differences.

4. Nonetheless, during this exchange, the Fund revealed certain information that is particularly relevant to Horizon's remand motion. Most notably, in support of its motion to dismiss, the Fund indicated that it would argue, among other things, that "Plaintiffs lack standing to sue under ERISA." (*See* Exhibit C, p. 2.)

5. Horizon responded to this by noting that standing to file such claims was a prerequisite to a finding that this Court had original jurisdiction sufficient to support the Fund's removal petition. (*See* Exhibit D, p. 1.) Accordingly, because there appeared to

have been no grounds for the Fund to seek removal in the first place, Horizon requested that the Fund withdraw its removal petition. (*Id.*)

6.  The Fund refused, suggesting that Horizon's position was based on a "crabbed interpretation" of the relevant law. (*See* Exhibit B, p. 1.) Accordingly, Horizon was compelled to file its remand motion.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2008.

                                                                     */s/ Peter J. Gallagher*
                                                                      PETER J. GALLAGHER

# EXHIBIT A

# Greenberg
# Traurig

Peter J. Gallagher
Tel. (973)-360-7900
Fax (973)-301-8410
gallagherp@gtlaw.com

June 16, 2008

**VIA ELECTRONIC MAIL AND REGULAR MAIL**

Jane Lauer Barker
Pitta & Dreier LLP
499 Park Avenue, 15th Floor
New York, New York 10022

Dear Ms. Barker:

    As a follow up to our call this afternoon and as required by Paragraph 2 of Judge Swain's Individual Practices, I write to set forth the legal and factual basis for Plaintiffs' motion to remand this lawsuit to state court. Although we are hopeful that we can resolve the issue informally as envisioned by Judge Swain's rules, we are prepared to file the motion should such efforts prove fruitless.

    Our motion to remand is based on the Court's lack of subject matter jurisdiction over the claims set forth in Plaintiffs' complaint. Horizon has not invoked federal law in its complaint and its causes of action are not subject to complete preemption under ERISA. Accordingly, the Court does not have original jurisdiction over this dispute and the lawsuit should be remanded to state court. Moreover, because there was no objectively reasonable basis for removal, we will seek the reasonable attorneys' fees and costs incurred in prosecuting this motion as permitted by 29 U.S.C. §1447(c).

    The Fund claims that the Court has subject matter jurisdiction because Horizon's claims are completely preempted by ERISA. To support this proposition, the Fund would have to demonstrate that Horizon's claims fall within the narrow scope of ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. §1144(a). In the substantive portions of its removal petition (Removal Petition, ¶¶ 12-14), the Fund does not even invoke this portion of the statute, instead relying only on ERISA's supersedure provision, Section 514(a), 19 U.S.C. 1144(a), which does not provide a basis for federal jurisdiction. *E.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987) ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law"). As a result, on its face, the removal petition fails to state a basis for federal jurisdiction sufficient to support removal under 28 U.S.C. § 1441(b).

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

*Strategic Alliance
Tokyo Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410

www.gtlaw.com

Jane Lauer Barker
June 16, 2008
Page 2

---

Nonetheless, to demonstrate that Horizon's claims are completely preempted by ERISA such that the Court would have original jurisdiction sufficient to support removal, the Fund would have to prove that: (1) Horizon could have initially brought its breach of contract, unjust enrichment, and prima facie tort claims under Section 502(a); *and* (2) no "independent legal duty" supports Horizon's claims. *Davila*, 542 U.S. at 208. The Fund cannot satisfy either of these prongs. First, Horizon could not have brought its state law claims under Section 502(a) because Horizon lacks standing to sue the Fund under ERISA's civil enforcement mechanism. Only plan participants, beneficiaries, fiduciaries, and the United States Secretary of Labor have such standing, 29 U.S.C. 1132(a), and it is undisputed that Horizon does not fit into any of these categories. Second, Horizon's state law claims are not preempted under ERISA because they are predicated on a legal duty that is independent of ERISA. Horizon's claims do not involve the retrieval of benefits due under an ERISA plan or even require an analysis of the terms of the Fund's ERISA-regulated plan. *Contra Davila*, 542 U.S. at 209 (holding that such claims would conflict with the "clear congressional attempt to make the ERISA remedy exclusive and [would] therefore [be] preempted"). As a result, Horizon's claims do not fit within the confines of Section 502(a) and are thus not subject to the Court's original jurisdiction sufficient to support the Fund's removal petition.

As noted above, we will also be asking that the Court exercise its discretion to award attorneys' fees incurred in connection with this motion pursuant to 28 U.S.C. § 1447(c). Such an award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-40 (2005), and does not require a finding that the party seeking removal acted in bad faith, *Mermelstein v. Maki*, 830 F. Supp. 184, 186 (S.D.N.Y. 1993). In this case, even a cursory reading of Section 502(a) and the relevant case law would demonstrate that Plaintiffs' claims are not subject to complete preemption.

Finally, you have indicated that the Fund will be filing a motion to dismiss Horizon's lawsuit, and have suggested that we file our motion to remand as a cross motion once your motion is filed. This is not the appropriate manner in which to proceed. It would be a waste of time and judicial resources to ask the Court to resolve a substantive motion before the Court determines that it has jurisdiction over the dispute. Accordingly, should we not be able to resolve our issues informally, we will seek to stay the resolution of your motion to dismiss pending the resolution of our remand motion.

Jane Lauer Barker
June 16, 2008
Page 3

---

      I await your response and look forward to discussing these issues with you shortly.

                                                             Very truly yours,

                                                              Peter J. Gallagher

# EXHIBIT B

# PITTA & DREIER LLP

ATTORNEYS AT LAW

Jane Lauer Barker *Partner*
Direct Dial 212 652 3828
jbarker@pittadreier.com

June 18, 2008

<u>Via Email and Facsimile</u>
David Jay, Esq.
Peter Gallagher, Esq
Greenberg Traurig
200 Park Avenue
New York, NY 10166

Re:  Horizon Healthcare Services, Inc., et al. v. Local 272 Labor Management Welfare Fund (08 CV 4428) (LTS) (RLE)

Dear Messrs. Jay and Gallagher:

This letter responds to your letter of June 16, 2008 regarding plaintiff's intention to move to remand the above action to state court and to request attorney's fees and costs under 28 U.S.C. § 1447(c).

Original federal jurisdiction exists over the complaint because the state law claims asserted "relate to" an ERISA-covered benefit plan, the Local 272 Welfare Fund. Such claims are completely preempted and of necessity are federal claims. See, *e.g., Aetna Health Inc. v. Davila,* 524 U.S. 200 (2004).[1]

Your interpretation of *Aetna Health Inc.* is erroneous. You assume that, because in that case the court was addressing whether a lawsuit brought by an individual who could have brought his claim under ERISA was preempted, federal jurisdiction over state law claims *depends* on whether the plaintiff in every case could have brought the claim in federal court. The precedent in this Circuit as well as the United States Supreme Court case law does not support that crabbed interpretation. Perhaps plaintiffs should conduct more than just the "cursory" reading of section 502(a) and the relevant case law your letter refers to before making that interpretation.

---

[1] Your assertion that the Fund did not refer to the civil enforcement provisions of ERISA in its removal papers is wrong. See, ¶2 of the Notice of Removal.

499 Park Avenue  New York, New York 10022
Telephone 212 652 3890  Facsimile 212 652 3891

111 Washington Avenue  Suite 401  Albany, New York 12210
Telephone 518 449 3320  Facsimile 518 449 5812

{00364604.DOC;}
www.pittadreier.com

David Jay, Esq.
Peter Gallagher, Esq
June 18, 2008
Page 2

     The scope of ERISA preemption is not limited to state laws that provide alternative causes of action for collecting benefits. The preemption provision applies to preempt state laws that regulate or interfere with plan administration or that are predicated upon the existence of ERISA plans. See, e.g., *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981); *District of Columbia v. Greater Washington Board of Trade*, 506 U.S. 125 (1992).

     The allegations of the complaint, to which you assiduously avoid any reference in your letter, assert repeatedly that the Fund is indebted to the Hospitals for services rendered to the Fund's participants and beneficiaries. Apart from seeking attorney's fees and costs from the Fund for defending plaintiffs against the Hospitals' claims in arbitration for payment for services rendered to the Fund's participants and beneficiaries, the only remedy that you seek is for the Fund to pay (to whom?) whatever the Hospitals claim they are entitled to for the services rendered.

     Therefore, no matter how the complaint is viewed, either as seeking to collect so-called damages, *i.e.*, the benefits due for services rendered to the Fund's participants and beneficiaries by the Hospitals, or as seeking to force the Funds to pay the Hospitals the full amount claimed by the Hospitals for those services, it is preempted and the federal court has original jurisdiction over the complaint.

     In light of the foregoing, your assertion to be entitled to attorney's fees and costs under 28 U.S.C. § 1447(c) has no merit.

                                         Very truly yours,

                                          Jane Lauer Barker

cc:    Marc Goodman
        Bruce Cooper, Esq.

{00364604.DOC;}

# EXHIBIT C

# PITTA & DREIER LLP

ATTORNEYS AT LAW

Jane Lauer Barker *Partner*
Direct Dial 212 652 3828
jbarker@pittadreier.com

June 16, 2008

**Via Email and Facsimile**
David Jay, Esq.
Peter Gallagher, Esq
Greenberg Traurig
200 Park Avenue
New York, NY 10166

Re: Horizon Healthcare Services, Inc., et al. v. Local 272 Labor Management Welfare Fund (08 CV 4428) (LTS) (RLE)

Dear Messrs. Jay and Gallagher:

In accordance with the Individual Practice Rules of Judge Laura Taylor Swain requiring the parties to use their best efforts to resolve informally the matters in controversy, we submit this letter, on behalf of the Local 272 Welfare Fund ("Fund") in advance of making a motion to dismiss the complaint, to identify the deficiencies in the complaint.

The complaint, although couched as a complaint for state common law breach of contract and other state law claims, states claims within the scope of Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Such claims are of necessity federal claims under ERISA. *Aetna Health Inc. v. Davila*, 524 U.S. 200, 124 S.Ct. 2488, 2495 (2004) ("any state law cause of action that duplicates, supplements, or supplants the [ERISA] civil enforcement remedy conflicts with the clear congressional intent to make ERISA remedy exclusive and is therefore pre-empted.").

An examination of the complaint shows that plaintiffs' claims are to recover benefits due to participants and beneficiaries under the terms of the Fund's plan. According to the complaint, plaintiffs provided to the Fund access to certain hospitals with which plaintiffs had negotiated certain rates, on behalf of the Fund, for services rendered by those hospitals to the beneficiaries of the Fund. Complaint ¶ 12. In consideration, the Fund paid Horizon an administrative fee. Among the hospitals to

499 Park Avenue  New York, New York 10022
Telephone 212 652 3890  Facsimile 212 652 3891

111 Washington Avenue  Suite 401  Albany, New York 12210
Telephone 518 449 3320  Facsimile 518 449 5812

www.pittadreier.com

{00363701.DOC;}

David Jay, Esq.
Peter Gallagher, Esq
June 16, 2008
Page 2

which the Fund's participants and beneficiaries had access were New York Presbyterian Hospital ("Presbyterian") and Continuum Health Partners Systems ("Continuum") (collectively "Hospitals"). The complaint alleges the Fund has failed to pay the Hospitals for services rendered to beneficiaries and dependents of the Fund and that the Fund has paid the Hospitals less than the amounts that the Hospitals claim are owed for the services rendered to the Fund's beneficiaries and dependents. Complaint ¶ 2. The complaint repeatedly alleges that it is the Fund's exclusive responsibility to pay claims and that Horizon only provides administrative services to the Fund. Complaint ¶¶ 15, 17, 18, 20, 27. As relief, plaintiffs seek to hold the Fund responsible for the difference between what the Hospitals have charged for the services rendered to the Fund's beneficiaries and dependents and the amounts that the Fund has paid the Hospitals for those services.

The complaint nowhere alleges that the Fund has failed to pay the monthly administrative fee to plaintiffs or in any other manner violated its agreement with plaintiffs; the only allegation is that the Fund has not paid the full amounts charged by the Hospitals for services rendered to the Fund's beneficiaries and dependents.

Plaintiffs lack standing to sue under ERISA for the alleged failure of the Fund to pay the amounts claimed by the Hospitals to be due because plaintiffs are not participants, beneficiaries, or assignees. Section 502(a) of the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a), states that a "civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Supreme Court in *Aetna Health Ins. v. Davila,* construed this provision to mean that "[i]f a participant or beneficiary believes that benefits promised him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." 124 S.Ct. at 2496. The Second Circuit has also held that "under federal common law, the assignees of beneficiaries to an ERISA-governed insurance plan have standing to sue under ERISA." *I.V. Services of America, Inc. v. Trustees of Amer. Consulting Eng'rs Council Ins. Trust Fund,* 136 F.3d 114, 117, no. 2 (2d Cir. 1998).

Plaintiffs have not alleged they are assignees of beneficiaries of the Fund, nor could they so allege as plaintiffs simply perform an administrative function for the Fund and do not provide any medical services to the beneficiaries of the Fund. Therefore, plaintiffs lack standing to sue under ERISA.

{00363701.DOC;}

David Jay, Esq.
Peter Gallagher, Esq
June 16, 2008
Page 3

      Further, not only are plaintiffs not assignees, but they have suffered no injury as a result of the alleged failure of the Fund to pay the Hospitals the full amounts charged for services rendered. While plaintiffs allege that it is due to the Fund's failure to pay the Hospitals in full that plaintiffs will have to pay, in fact, as the complaint shows, any liability that plaintiffs have to the Hospitals is due solely to the undertakings made by plaintiffs to the Hospitals; plaintiffs' injury, therefore, is not within the zone of interests protected by ERISA. See, *State of Connecticut. v. Physicians Health Services of Connecticut*, 287 F.3d 110 (2d Cir. 2002).

      Other than the state law breach of contract claim which is of necessity a federal claim under ERISA, plaintiff has alleged no non-preempted claims. Counts Two, Three and Four of the complaint plainly "relate to" employee benefit plans by providing alternative causes of action for the enumerated causes of action in ERISA's civil enforcement provision. They are preempted and subject to dismissal. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).

      For the foregoing reasons, among others, we ask that plaintiffs voluntarily dismiss the complaint with prejudice. Since the Fund's motion is due on Friday, June 20, we request that you respond to this letter no later than the close of business Wednesday, June 18.

Very truly yours,

*[signature]*

Jane Lauer Barker

JLB/mw

cc:   Bruce Cooper, Esq.

{00363701.DOC;}

# EXHIBIT D

# Greenberg Traurig

Peter J. Gallagher
Tel. (973)-360-7900
Fax (973)-301-8410
gallagherp@gtlaw.com

June 18, 2008

**VIA FACSIMILE: (212) 652-3891 & FIRST CLASS MAIL**

Jane Lauer Barker
Pitta & Dreier LLP
499 Park Avenue, 15th Floor
New York, New York 10022

Dear Ms. Barker:

    This firm represents Plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company Of New York (collectively, "Horizon"). In accordance with Judge Swain's Individual Practice Rules, I write in response to your June 16, 2008 letter regarding the motion to dismiss you are prepared to file on behalf of Defendant Local 272 Welfare Fund (the "Fund"). As set forth more fully below, your motion appears to be both procedurally and substantively defective. Substantively, you mischaracterize the nature of Horizon's claims as arising under or relating to ERISA such that preemption, and then dismissal, would be appropriate. More importantly, however, your letter acknowledges that Horizon could not have brought its claims in federal court, which is a prerequisite to the Court having original jurisdiction under ERISA. You have removed this case on the basis of the Court having original jurisdiction but now rely upon facts that contradict this position. Accordingly, your removal petition was improper, and the Court lacks subject matter jurisdiction to hear this case, including by addressing your motion to dismiss.

    As set forth in my June 16, 2008 letter to you regarding Horizon's remand motion, this Court could only have jurisdiction over Horizon's state law claims if these claims are deemed to be completely preempted by ERISA. The first step in demonstrating complete preemption is proving that Horizon could have initially brought its claims under ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). In your letter, you acknowledge that "Plaintiffs lack standing to sue under ERISA." If Horizon lacks standing, then it could not have brought its state law claims under Section 502(a) and the Court lacks original jurisdiction. As a result, by your own admission, you had no basis to seek removal and your removal petition should be withdrawn.

Jane Lauer Barker
June 18, 2008
Page 2

---

      Substantively, your motion to dismiss is based on a mischaracterization of Horizon's claims and the faulty conclusion that Horizon's claims are preempted under ERISA's supersedes clause, Section 514(a), 28 U.S.C. 1144(a). Horizon's claims arise solely out of an agreement between Horizon and the Fund. Horizon's claims do not require the interpretation of an ERISA-regulated plan, nor do they even approximate efforts by a participant in an ERISA plan to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The only disputed issue in this case is the rate at which the Fund was required to reimburse the Hospitals for benefits already provided to Fund members for services already approved and paid for by the Fund, albeit at the improper rate. As a result, Horizon's claims do not "relate to" the Fund's ERISA-regulated plan sufficient to support your preemption argument. Because preemption is the sole basis for your motion to dismiss, the motion thus collapses under its own weight.

      I await your response and look forward to discussing these issues with you shortly.

Very truly yours,

Peter J. Gallagher