Todd L. Schleifstein (TS 3787)
Joshua R. Pini (JP 9548)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Plaintiffs*
*Horizon Healthcare Services, Inc., Horizon*
*Healthcare of New York, Inc., and Rayant*
*Insurance Company of New York f/k/a Horizon*
*Healthcare Insurance Company of New York*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC., HORIZON HEALTHCARE OF NEW YORK, INC., and RAYANT INSURANCE COMPANY OF NEW YORK f/k/a HORIZON HEALTHCARE INSURANCE COMPANY OF NEW YORK,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LOCAL 272 LABOR MANAGEMENT WELFARE FUND,<br><br>                    Defendant. | Civil Action No 08-cv-4428 (LTS) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' REMAND MOTION

# **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT ....................................................................................................................................4

    I.    The Standard For Removal .................................................................................................5

    II.   Removal Is Inappropriate In This Case Because Horizon Has Not Asserted Any Federal Claims And Its Lawsuit Is Not Subject To Complete Preemption Under ERISA .....................................................................................5

          A.    Horizon's state law claims are not completely preempted under ERISA because Horizon could not have brought its state law claims under Section 502(a) as it lacks standing to sue the Fund under ERISA's civil enforcement mechanism. .......................................8

          B.    Horizon's state law claims are not completely preempted under ERISA because they are predicated on a legal duty that is independent of ERISA. ..........................................................................9

    III.  Horizon Is Entitled To Recover Its Reasonable Attorneys' Fees And Costs In Connection With Its Remand Motion .............................................................11

CONCLUSION ..............................................................................................................................14

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004) ..................................................................................................6, 8, 10

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*,
   183 F.3d 105 (2d Cir. 1999) ...................................................................................................13

*Dukes v. U.S. Healthcare, Inc.*,
   57 F.3d 350 (3d Cir. 1995) .......................................................................................................8

*Grimo v. Blue Cross/Blue Shield of Vermont*,
   14 F.3d 148 (2d Cir. 1994) .......................................................................................................5

*Gulf Life Ins. Co. v. Arnold*,
   809 F.2d 1520 (11th Cir. 1987) ................................................................................................9

*Hart v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*,
   360 F.3d 674 (7th Cir. 2004) ..................................................................................................13

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ...............................................................................................................12

*Memorial Hosp. for Cancer and Allied Diseases v. Empire Blue Cross and Blue Shield*,
   No. 93 cv 6682, 1994 WL 285518 (S.D.N.Y. June 27, 1994) ...............................................12

*Mermelstein v. Maki*,
   830 F. Supp. 184 (S.D.N.Y. 1993) .........................................................................................12

*Metropolitan Life Ins. Co. v. Taylor*,
   481 U.S. 58 (1987) ..........................................................................................................6, 7, 8

*Mints v. Educational Testing Services*,
   99 F.3d 1253 (3d Cir. 1996) .............................................................................................12, 13

*Moore v. Permanente Medical Group, Inc.*
   981 F2d 443 (9th Cir. 1992) ...................................................................................................12

*Morris v. Bridgestone/Firestone, Inc.*,
   985 F.2d 238 (6th Cir. 1993) ..................................................................................................13

*Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan,*
    388 F.3d 393 (3d Cir. 2004) ....................................................................................7, 9, 11, 12

*Patterson v. Exxon Mobil Corp.,*
    262 F. Supp. 2d 453 (D.N.J. 2003) ..................................................................................... 14

*In re. Methyl Teriary Butyl Ether Products Liability Litigation,*
    488 F.3d 112 (2d Cir. 2007) ................................................................................................ 5

*Pryzbowski v. U.S Healthcare, Inc.,*
    245 F.3d 26 (3d Cir. 2001) .................................................................................................. 6

*Rice v. Panchal,*
    65 F.3d 637 (7th Cir. 1995) ................................................................................................. 7

*United Food & Commercial Workers Union, Local 919 v. CenterMark
Props. Meriden Square, Inc.,*
    30 F.3d 298 (2d Cir. 1994) .................................................................................................. 5

*Warner v. Ford Motor Co.,*
    46 F.3d 531 (6th Cir. 1995) ................................................................................................. 8

**Federal Statutes**

28 U.S.C. § 1441 ............................................................................................................................5

28 U.S.C. § 1447(c) ............................................................................................................1, 4, 12

29 U.S.C. § 1002(7) .......................................................................................................................9

29 U.S.C. § 1132(a) .......................................................................................................................7

29 U.S.C. § 1132(a)(1)(B) ...........................................................................................................10

29 U.S.C. § 1144(a) ...................................................................................................................6, 7

29 U.S.C. 1132(a) ..........................................................................................................................9

Plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company Of New York (collectively, "Horizon") respectfully submit this memorandum of law in support of their motion to remand this case to state court.

## INTRODUCTION

This case should be remanded because this Court lacks subject matter jurisdiction over the dispute between Horizon and Defendant Local 272 Labor Management Welfare Fund (the "Fund"). In fact, in correspondence exchanged between the parties pursuant to the Court's Individual Practice rules prior to the filing of this motion and the Fund's motion to dismiss, the Fund acknowledged that it could not satisfy a threshold element needed to support is removal petition. As a result, the Fund had no colorable basis to file its removal petition and Horizon's motion should thus be granted and it should be awarded its fees and costs in connection with this motion pursuant to 28 U.S.C. § 1447(c).

The Fund alleges that removal is proper, and Horizon's claims must be heard in federal court, because the Fund is an employee welfare benefit plan within the meaning of the Employment Retirement Income Security Act of 1974 ("ERISA") and ERISA completely preempts Horizon's state law claims. This proposition is deceptively simple but incomplete. While the Fund may qualify as an ERISA plan, this status does not mean that Horizon's claims are completely preempted by ERISA such that removal to federal court would be appropriate. It is the nature of the claims at issue, and not simply the identity of the parties, that determines whether subject matter jurisdiction exists and removal is proper. Thus, removal in this case would only be proper if the Fund could demonstrate that Horizon's state law claims seek relief within the narrow scope of ERISA's civil enforcement provision and could have originally been brought by Horizon in this Court under this provision. As noted above, the Fund concedes that

Horizon lacked standing to bring its claims in federal Court and thus cannot satisfy these requirements even if Horizon's claims arguably related to ERISA. Because the Fund cannot satisfy its burden to demonstrate that removal is proper, Horizon's remand motion should be granted.

## STATEMENT OF FACTS

Horizon is a health insurance company and managed care organization in New York area. As part of its business, Horizon enters into individual Network Hospital Agreements ("NHAs") with hospitals that require the hospitals to provide healthcare services to individuals eligible for coverage under Horizon health benefit plans at negotiated rates that are less than the hospitals' published charges. In some instances, Horizon also enters into separate agreements with self-insured, employee welfare benefit funds like the Local 272 Welfare Fund to provide eligible fund beneficiaries and their dependents access to its network of hospitals. Unlike with its fully-insured members, this arrangement with self-insured entities requires Horizon to perform certain administrative services for the fund's members, but leaves the financial responsibility for payment of claims exclusively with the funds.[1]

This self-insured business model is the subject of Horizon's lawsuit. Horizon entered into an agreement with the Fund, pursuant to which the Fund agreed to pay claims for services rendered to its members and beneficiaries at Horizon's network of hospitals at the rates that Horizon negotiated with the hospitals. These rates were based on a "percentage of charges" calculation, which meant that every claim received by the Fund was paid at a set, discounted

---

[1] Although largely irrelevant for purposes of this motion, the difference between a fully insured client and a self insured client is significant. As set forth in Horizon's Complaint, fully-insured clients enter into insurance contracts with Horizon and pay a premium to Horizon in return for Horizon assuming the financial risk of paying claims to the hospitals or other healthcare providers for enrollees in an insured plan. Self insured clients enter into contracts with Horizon that are contracts to pay for services rendered, not indemnity insurance contracts. Accordingly, under these contracts, the client remains completely at risk for payment of actual claims incurred by those individuals covered under the health benefits plan.

2

percentage off of the hospital's published charges. The amount to be paid by the Fund was simply a matter of arithmetic -- discounting the charges submitted by the hospital by a certain, fixed percentage. Nonetheless, the Fund has refused to abide by the Agreement and pay this contracted amount for certain claims submitted by two of Horizon's network hospitals -- New York Presbyterian and Continuum (the "Hospitals").

Although the details surrounding the Fund's breaches in connection with each of the Hospitals are somewhat different, the core allegations are the same. The Fund paid claims at less than the contracted amount set forth in the Agreement, and has refused to make up the difference. In connection with the Fund's refusal to pay the amount owed under the Agreement, New York Presbyterian filed an arbitration demand against Horizon seeking to, among other things, recoup from Horizon the difference between the amounts paid by the Fund and the proper amounts owed by the Fund under the Agreement. Continuum chose not to sue Horizon but has nonetheless sought to hold Horizon liable for any difference between the amounts owed by the Fund under the Agreement with the amounts actually paid by the Fund.

The Agreement requires the Fund to: (1) promptly adjust the underpayment and provide written notice to Horizon and the hospital of the adjustment; and (2) indemnify and hold harmless Horizon against any claims related to the obligations that the Fund had assumed under the Agreement, including the obligation to pay claims submitted by hospitals in Horizon's network. Accordingly, on April 23, 2008, Horizon sued the Fund in the Supreme Court of the State of New York, County of New York, asserting state law claims for breach of contract, unjust enrichment, and prima facie tort. With its lawsuit, Horizon seeks damages for any amounts it has been, or will be, compelled to pay as a result of the Fund's breach of the Agreement, attorneys' fees and costs associated with its defense of the arbitration commenced by

3

New York Presbyterian, and a declaratory judgment ordering the Fund to abide by the terms of the Agreement and pay the contracted rate going forward. On or around May 12, 2008, the Fund filed its notice of removal, claiming that original jurisdiction for Horizon's lawsuit lies in the federal courts because "the action is founded on a claimed right as to which federal law completely preempts state law."

Pursuant to the Court's Individual Practice rules, the parties exchanged correspondence and conferred prior to the filing of this motion and the Fund's motion to dismiss. In support of its motion to dismiss, the Fund indicated that it would argue, among other things, that "Plaintiffs lack standing to sue under ERISA." *See* Declaration of Peter J. Gallagher ("Gallagher Declaration"), ¶ 4, Exhibit C. Horizon responded to this by noting that standing to file such claims was a prerequisite to a finding that this Court had original jurisdiction sufficient to support the Fund's removal petition. *Id.* at ¶ 5; Exhibit D. Accordingly, because there appeared to have been no grounds for the Fund to seek removal in the first place, Horizon requested that the Fund withdraw its removal petition. *Id.* Nonetheless, the Fund refused, suggesting that Horizon's position was based on a "crabbed interpretation" of the relevant law, and Horizon was compelled to file this motion. *Id.* at ¶ 6; Exhibit B.

## ARGUMENT

As set forth below, this case should be remanded because the Court lacks subject matter jurisdiction over the dispute. Horizon has not invoked federal law in its complaint and its causes of action are not subject to complete preemption under ERISA. Accordingly, the Fund is unable to satisfy its burden of demonstrating that the Court has original jurisdiction over this lawsuit and Horizon's motion for remand should be granted. Moreover, because there was no objectively reasonable basis for removal, Horizon should be awarded the reasonable attorneys' fees and costs it has incurred in prosecuting this motion.

4

I. **The Standard For Removal**

A civil action filed in state court can only be removed to federal court if the district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441. The party seeking removal bears the burden of proving that it has met the requirements for removal. *E.g., United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Grimo v. Blue Cross/Blue Shield of Vermont*, 14 F.3d 148, 151 (2d Cir. 1994) (noting that "assertion of ERISA preemption permits removal," but holding that the party seeking removal "bears the burden of demonstrating the propriety of removal"). Moreover, removal statutes are strictly construed against removal, and all doubts are to be resolved in favor of remand. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 488 F.3d 112, 124 (2d Cir. 2007). Here, the Fund cannot satisfy this burden because this dispute does not raise any issues of federal law over which the federal courts have original jurisdiction. Accordingly, Horizon's remand motion should be granted.

II. **Removal Is Inappropriate In This Case Because Horizon Has Not Asserted Any Federal Claims And Its Lawsuit Is Not Subject To Complete Preemption Under ERISA.**

Horizon has not asserted any claims under ERISA or any other federal law. Under the "well-pleaded complaint rule," this would generally be sufficient to defeat the Fund's removal petition as federal jurisdiction exists only "when the plaintiff's well-pleaded complaint raises issue of federal law," and not simply when federal preemption might be invoked as a defense to liability. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Pryzbowski v. U.S Healthcare, Inc.*, 245 F.3d 26, 271 (3d Cir. 2001) ("[F]ederal courts have federal question

5

jurisdiction only when a federal claim appears in the complaint, and not when a federal preemption defense may eventually be raised in litigation."). Nonetheless, a "corollary of the well-pleaded complaint rule" has developed that recognizes that, even when no federal causes of action have been asserted, "Congress may so completely pre-empt a particular area [of the law] that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64.

ERISA's civil enforcement mechanism, Section 502(a), 29 U.S.C. § 1144(a), is one such provision that can "convert[] an ordinary state common law complaint into one stating a federal claim." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). However, not all disputes touching upon ERISA or involving ERISA-regulated plans are subject to complete preemption. Rather, federal law completely preempts state law causes of action, and thereby creates original jurisdiction in the federal courts, only where the causes of action fall within the narrow scope of ERISA's civil enforcement provision. *Taylor*, 481 U.S. at 66. Here, Horizon's state law claims do not meet this standard. As a result, Horizon's claims are not completely preempted by ERISA and are therefore not removable.

In its removal petition, the Fund confuses this notion of complete preemption with "ordinary" or "conflict" preemption. The difference between the two types of preemption is significant and the Fund's exclusive reliance on Section 514(a) of ERISA, 29 U.S.C. § 1144(a), which provides only that ERISA "shall supersede any and all State laws . . . insofar as they relate to any employee benefit plan," as a basis for removal is ultimately fatal to its petition. As the U.S. Court of Appeals for the Third Circuit recently observed:

> Pre-emption under § 514(a) of ERISA, 29 U.S.C. § 1144(a), must be distinguished from *complete* pre-emption under § 502(a) of ERISA, 29 U.S.C. § 1132(a). Only the latter permits removal of what would otherwise be a state law claim under the well-pleaded

> complaint rule. Under § 514(a), ERISA supersedes state laws that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). Unlike the scope of § 502(a), which is jurisdictional and creates a basis for removal to federal court, § 514(a) merely governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court.

E.g., *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 n. 4 (3d Cir. 2004) (citations omitted); *see also, Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) ("state law claims that are merely subject to "conflict preemption" under § 514(a) are not recharacterized as claims arising under federal law . . . and therefore, under the well-pleaded complaint rule the state law claims do not confer federal question jurisdiction"). Contrary to the Fund's suggestion, Section 514(a) does not "completely preempt" state law or convert Horizon's state law claims into federal claims for removal purposes. *E.g., Taylor*, 481 U.S. at 64 ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law"); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (holding that Section 514(a) "allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern").[2]

To demonstrate that Horizon's claims are completely preempted by ERISA such that original jurisdiction exists in the federal courts, the Fund would have to demonstrate that Horizon's claims fall within the narrow parameters of Section 502(a), ERISA's civil enforcement provision. To do this, the Fund would have to prove that: (1) Horizon could have initially brought its breach of contract, unjust enrichment, and prima facie tort claims under

---

[2] Although Horizon denies that any of its claims are preempted under Section 514(a), this issue is not before the Court on this motion because it is not necessary for the Court to reach it to address the arguments set forth herein regarding the Court's subject matter jurisdiction. Upon remand, this issue can be taken up by the state court. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995). ("When doctrine of complete preemption does not apply, but plaintiff's state claim is arguably preempted by ERISA, district court, being without removal jurisdiction, cannot resolve dispute regarding preemption; it lacks power to do anything other than remand to state court where preemption issue can be addressed and resolved.")

7

Section 502(a); *and* (2) no "independent legal duty" supports Horizon's claims. *Davila*, 542 U.S. at 208. The Fund's removal petition fails to meet either of these prongs. First, Horizon could not have brought its claims against the Funds under Section 502(a) because Horizon lacks standing to raise any claims under that provision. Second, the causes of action set forth in Horizon's lawsuit are not grounded in ERISA's civil enforcement mechanism but rather rely exclusively on well-recognized state law claims that are independent of ERISA. Accordingly, the Fund is unable to meet its burden of demonstrating that Horizon's claims are completely preempted by ERISA and subject to removal, and therefore Horizon's remand motion should be granted.

> A. Horizon's state law claims are not completely preempted under ERISA because Horizon could not have brought its state law claims under Section 502(a) as it lacks standing to sue the Fund under ERISA's civil enforcement mechanism.

Only plan participants, beneficiaries, fiduciaries, and the United States Secretary of Labor have standing to sue under ERISA's civil enforcement mechanism. 29 U.S.C. 1132(a).[3] Moreover, courts narrowly construe these standing requirements such that only these parties can take advantage of ERISA's civil enforcement provision. *E.g., Pascack Valley*, 388 F.3d at 400 ("By its terms, standing under the statute is limited to participants and beneficiaries."); *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987) ("[ERISA] standing provisions must be construed narrowly; civil actions under ERISA are limited only to those parties and actions Congress specifically enumerated.").

---

[3] Section 502(a) defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

It is undisputed that Horizon is not a participant in the Fund, beneficiary or fiduciary of the Fund, or the United States Secretary of Labor. As a result, Horizon lacks standing to bring any claims against the Fund under Section 502(a), including the breach of contract, unjust enrichment, and prima facie tort claims raised in the instant lawsuit. Because Horizon could not have brought its claims against the Fund in federal court under Section 502, the Fund cannot remove those claims on the basis of complete ERISA preemption. Accordingly, Horizon's remand motion should be granted.

> B.  Horizon's state law claims are not completely preempted under ERISA because they are predicated on a legal duty that is independent of ERISA.

Even if Horizon did have standing to bring its claims under ERISA, removal would still be inappropriate because Horizon's claims arise out of "an independent legal duty." Horizon's claims do not rely upon the Fund's ERISA-regulated plan, nor relate to the benefits provided to Fund members pursuant to that plan, but instead arise out of the Agreement, which is independent of the ERISA aspects of the Fund. The mere fact that this contract was executed by an ERISA fund does not convert Horizon's state law claims into ERISA claims for purposes of this Court's jurisdiction.

Similarly, Horizon's claims are not akin to Section 502(a) claims such that it could be argued that Horizon was seeking to "duplicate[], supplement[], or supplant[] the ERISA civil enforcement remedy." *Davila*, 542 U.S. at 209 (holding that such claims would conflict with the "clear congressional attempt to make the ERISA remedy exclusive and [would] therefore [be] preempted"). Section 502(a) allows a ***participant*** in an ERISA plan to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The causes of action raised by Horizon do not involve the retrieval of benefits

9

due under an ERISA plan, nor do they require an analysis of the terms of the Fund's plan. In fact, the benefits in this case have already been rendered to the Fund members and the terms of the relevant plan interpreted and applied when the Fund approved coverage, and paid for, medical services provided by the Hospitals. Horizon does not challenge whatever eligibility and coverage determinations went into this analysis. The only disputed issue is the rate at which the Fund was required to reimburse the Hospitals pursuant to its contract with Horizon. Resolution of this issue does not require any analysis of the terms of the Fund's employee benefit plan and therefore Horizon's claims arise out of a duty independent of ERISA.

In *Pascack Valley*, the U.S. Court of Appeals for the Third Circuit affirmed a district court order remanding a case to state court under circumstances nearly identical to those presented here. In that case, a hospital sued a union welfare benefit fund over the appropriate reimbursement rate for services rendered by the hospital to fund members. The hospital in that case had contracted with a third-party that "organized a network of hospitals that [] agreed to accept discounted payment for medical services provided to beneficiaries of group health plans in return for the plans' promise to encourage beneficiaries to use network hospitals." 388 F.3d at 396. In turn, the union welfare benefit fund entered into a "Subscriber Agreement" with the same third-party to gain access to the rates the third party had negotiated with its network hospitals. *Id.* When the fund refused to pay the hospital pursuant to the Subscriber Agreement, the hospital sued the plan as a third-party beneficiary to the Subscriber Agreement.

In finding that the hospital's claims were not subject to complete preemption under ERISA, the Third Circuit first held that the Hospital lacked standing to raise claims under Section 502(a) for the same reasons that standing is lacking in this case. Turning to the issue of whether the hospital's claims arose under an "independent legal duty," the court held:

10

> We further conclude that the Hospital's state law claims are predicated on a legal duty that is independent of ERISA. The Hospital's claims, to be sure, are derived from an ERISA plan, and exist "only because" of that plan. . . . Were coverage and eligibility disputed in this case, interpretation of the Plan might form an "essential part" of the Hospital's claims. Coverage and eligibility, however, are not in dispute. Instead, the resolution of this lawsuit requires interpretation of the Subscriber Agreement, not the Plan. The Hospital's right to recovery, if it exists, depends entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself.

*Id.* at 403. Similarly, in this case, resolution of Horizon's claims involves interpretation of an agreement between Horizon and the Fund, not the Fund's ERISA-regulated plan. Accordingly, for the same reasons articulated by the Third Circuit in *Pascack Valley*, the Court should remand this case back to state court.

### III. Horizon Is Entitled To Recover Its Reasonable Attorneys' Fees And Costs In Connection With Its Remand Motion.

The Court has the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Such an award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-40 (2005), and does not require a finding that the party seeking removal acted in bad faith, *Mermelstein v. Maki*, 830 F. Supp. 184, 186 (S.D.N.Y. 1993). An award of fees is particularly appropriate where, as in this case, there is no colorable basis for removal. *E.g., Mints v. Educational Testing Services*, 99 F.3d 1253, 1260 (3d Cir. 1996).

The rationale behind an award of costs under Section 1447(c) is especially applicable to the Fund's baseless removal petition:

> The goal of this provision is to deter improper removal . . . While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary

11

> expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999). In this case, the Fund has clearly taken advantage of the "simplicity" of the removal petition to needlessly put Horizon through the time and expense of moving to remand this matter to the venue in which Horizon filed it initially. As noted above, the Fund acknowledges that Horizon lacked standing to file its claims in federal court under ERISA. As a result, the Fund knew when it filed its removal petition that it could not satisfy the first of the two prongs needed to establish original federal jurisdiction and support removal. As such, there was no objectively reasonable basis for the Fund's removal petition as the Fund was aware of the impropriety of removal even as it filed its petition.

Ultimately, the Court should follow the trend towards awarding fees and costs on the basis of erroneous ERISA removal. The Third, Sixth, Seventh, and Ninth Circuits, as well as numerous federal district courts, including the U.S. District Court for the Southern District of New York, have awarded attorneys' fees under § 1447(c) where the removing party incorrectly claimed ERISA preemption like the Fund has done in this case. *E.g., Mints*, 99 F.3d at 1260; *Hart v. Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan*, 360 F.3d 674 (7th Cir. 2004) ("If removal is found to be improper, the plaintiff is presumptively entitled to an award of fees."); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238 (6th Cir. 1993); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992); *Memorial Hosp. for Cancer and Allied Diseases v. Empire Blue Cross and Blue Shield*, No. 93 cv 6682, 1994 WL 285518 (S.D.N.Y. June 27, 1994) (awarding $100,000 in counsel fees after unsuccessful removal on ERISA grounds).

Thus, Horizon respectfully submits that this Court should exercise its discretion upon remand and order the Fund to reimburse Horizon for its attorneys' fees and costs related to this motion to remand. *Patterson v. Exxon Mobil Corp.*, 262 F. Supp. 2d 453 (D.N.J. 2003) (awarding fees under § 1447(c) and noting that "the amount of the award may be determined after remand... and the federal court does not lose jurisdiction adjudicate a post-remand application for fees").

## CONCLUSION

For the foregoing reasons, Horizon respectfully requests that its motion for remand be granted and that it be awarded its reasonable attorneys' fees and costs associated with the prosecution of this motion.

                          Respectfully submitted,
                          GREENBERG TRAURIG, LLP
                          *Attorneys for Plaintiffs*
                          *Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company of New York*

By    *s/ Joshua R. Pini*
        Todd L. Schleifstein (TS 3787)
        Joshua R. Pini (JP 9548)

        The MetLife Building
        200 Park Avenue
        New York, New York 10166
        Tel: (212) 801-9200
        Fax: (212) 801-6400

        -and-

        David Jay
        Peter J. Gallagher

        200 Park Avenue
        Florham Park, New Jersey 07932
        Tel: (973) 360-7946
        Fax: (973) 301-8410

Dated: June 26, 2008
       New York, New York