# Greenberg
# Traurig

Peter J. Gallagher
Tel: (973) 360-7946
Email: gallagherp@gtlaw.com

**MEMO ENDORSED**

July 3, 2008



VIA FACSIMILE (212.805.0426)

The Honorable Laura Taylor Swain
United States District Court, Southern District of New York
40 Centre Street, Room 426
New York, New York 10007-1581

    Re:  *Horizon Healthcare Services, Inc., et al. v. Local 272 Labor Management Welfare Fund*, Case No. Civ. 08-cv-4428 (LTS)

Dear Judge Swain:

    This firm represents Plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company Of New York (collectively, "Horizon") in the above-captioned matter. We write to respectfully request that the Court hold in abeyance the return date and further briefing on the Motion to Dismiss filed by Defendant Local 272 Labor Management Fund (the "Fund") until the Court has issued its decision on Horizon's Motion to Remand. Horizon's Motion is based on this Court lacking subject matter jurisdiction to hear the dispute between the parties. Thus, as a matter of law and judicial economy, the Court should refrain from ruling on the Fund's substantive motion until it first determines the threshold issue of whether it has jurisdiction hear such a motion.

    By way of background, this matter was removed to federal court by the Fund. Thereafter, the Fund filed a Motion to Dismiss in lieu of an Answer and Horizon filed a Motion to Remand for lack of subject matter jurisdiction. If the Court grants Horizon's motion to remand, then the Fund's motion to dismiss will be moot. However, as the motion schedule currently stands, the parties will be forced to submit additional briefs on the motion to dismiss prior to a threshold determination being made as to whether this matter will remain in federal court. We respectfully submit that the Court should be allowed to make a determination regarding its jurisdiction over this action before the parties are required to address the merits of the underlying claims.

The Honorable Laura Taylor Swain
July 3, 2008
Page 2

    As set forth in Horizon's Motion, this Court lacks subject matter jurisdiction because the state law claims raised in its Complaint are not subject to "complete preemption" under ERISA. This is a purely jurisdictional issue that is unrelated to the substantive, "ordinary preemption" arguments on which the Fund's Motion is based. The Fund would thus not be prejudiced if its motion were held in abeyance until a threshold determination is made as to whether this Court has jurisdiction to hear the motion or if it must be brought in state court on remand. For these reasons, we respectfully request that the Court order that the Court hold in abeyance the return date and all further briefing on Defendant's Motion to Dismiss until a decision is issued on Horizon's Motion to Remand.

*Request granted.*

    We have attempted to resolve this issue with the Fund's counsel but have been unable to reach agreement despite the best efforts of counsel. As always, we appreciate the Court's attention to this matter. Please contact me if you have any questions or require additional information.

Respectfully submitted,

Peter J. Gallagher

cc:    Jane Lauer Barker (via Facsimile -- 212.652.3891)

SO ORDERED.

7/9/2008
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE