UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – x
                                                    :
HORIZON HEALTHCARE SERVICES, INC.,   :   Case No. 08 CV 4428 (LTS) (RLE)
HORIZON HEALTHCARE OF NEW YORK,      :
INC. and RAYANT INSURANCE COMPANY    :
OF NEW YORK f/k/a HORIZON            :
HEALTHCARE INSURANCE COMPANY OF      :
NEW YORK,                            :
                                     :
       Plaintiffs,                :
                                     :
       - against -                :
                                     :
LOCAL 272 LABOR MANAGEMENT           :
WELFARE FUND,                        :
                                     :
       Defendant.                 :

– – – – – – – – – – – – – – – – – – – – – – – – – – – x


## MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO REMAND


**PITTA & DREIER LLP**
499 Park Avenue
New York, New York  10022
(212) 652-3828

## TABLE OF CONTENTS

PRELIMINARY STATEMENT................................................................................ 1

STATEMENT OF FACTS .................................................................................. 1

ARGUMENT

POINT I
      THE COURT HAS SUBJECT MATTER JURISDICTION
      BECAUSE PLAINTIFFS ARE SUING TO RECOVER
      ERISA FUND BENEFITS ........................................................................... 5

      A.    Plaintiffs' Claims Are Preempted by ERISA ......................................... 6

      B.    Plaintiffs' Claims Are Within the Scope of
            ERISA's Civil Enforcement Provision ................................................ 8

POINT II
      PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES
      AND COSTS SHOULD BE DENIED ....................................................... 11

CONCLUSION ................................................................................................13

## PRELIMINARY STATEMENT

Defendant Local 272 Welfare Fund, sued herein as Local 272 Labor Management Welfare Fund (the "Fund" or "defendant") hereby submits this memorandum of law in opposition to the motion of plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc. and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company of New York ("plaintiffs" or "Horizon") to remand the complaint to state court on the ground that the Court lacks subject matter jurisdiction.

## STATEMENT OF FACTS

The Fund is an "employee welfare benefit plan" ("the Plan") within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). (Complaint, ¶ 8). The Fund provides, inter alia, medical benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 272, to contribute to the Fund. (Complaint, ¶¶ 2-3).

The Fund, pursuant to a Summary Plan Description and other plan documents, receives claims for medical benefits from, and on behalf of, participants or beneficiaries of the Fund and renders determinations regarding benefits due under the terms of the Fund's Plan and pays benefits to the participants or beneficiaries or to health care providers, as the case may be. (See, Declaration of Jane Lauer Barker ("Barker Decl."), Exh. C, Local 272 Welfare Fund Summary Plan Description ("SPD")).

According to the complaint, the Fund failed to abide by its obligations to pay for services rendered to the Fund's beneficiaries and eligible dependents by the Hospitals. (Complaint, ¶ 1). While referring to a contract between the Fund and plaintiffs and to the Fund's alleged breach of it (Complaint ¶¶ 3, 4), the complaint neither attaches a copy of the contract (nor do plaintiffs do

so in their motion to remand), nor references any particular provisions of an alleged contract with plaintiffs that the Fund has breached.[1]

The complaint contains lengthy and numerous paragraphs which do not appear to have any particular relevance or connection to the relief sought or to the particulars of the dispute, but the gravaman of the complaint is the allegation, repeated throughout, that the Fund has failed to pay the Hospitals for services rendered to beneficiaries and dependents of the Fund and that the Fund has paid the Hospitals less than the amounts that the Hospitals claim are owed for the services rendered to the Fund's beneficiaries and dependents. (Complaint ¶ 2).

The amount that the Fund owes to the Hospitals is in dispute.    Prior to the commencement of the lawsuit, the Fund was provided by Horizon on behalf of NYPHS a detailed breakdown listing of the amounts claimed to be owed by the Fund to the hospitals for each particular participant or beneficiary who was provided service and the status of those claims.[2]    Those spreadsheets (which are not provided to the Court at this time because they contain identifying information about patients) show that some of the claims were denied because they failed to comply with the terms of the governing documents of the Fund, including the SPD.    For example, according to the NYPHS' spreadsheets, claims were denied by the Fund for "no pre-certification," for lack of "medical necessity," due to "coordination of benefit" rules in the Fund's governing documents, and for the failure of the hospital to provide a copy of its published charges so that the Fund could verify the code and charge.    Some of the denials,

---

[1] In fact, as far as the Fund can determine at this time, there is no executed agreement between plaintiffs and the Fund, although the Fund does have a draft of an agreement. (Barker Decl. Exh. D).
[2] Two spreadsheets summarizing the amounts claimed to be owed by the Fund to NYPHS were also provided to the Fund by Horizon. (Barker Decl. Exh. E).

according to NYPHS, were appealed pursuant to the Fund's internal appeal procedure, and the hospital was awaiting a decision on the appeal.

A meeting was held between Horizon, NYPHS, and the Fund, and their counsel, on November 20, 2007, to discuss claims in dispute. Thereafter, at the Fund's request, NYPHS provided further information to the Fund supporting the claimed charges on certain bills. In March, 2008, the Fund prepared an analysis of the claims which showed that many of the claims were defective, for example, no quantities or required codes were provided on the itemized bills so that the Fund was unable to establish whether the charges were proper, there were numerous instances where different charges were billed to the Fund for the same medication or item given to the same patient on the same day, and in one case the hospital had already received payment of a bill from Medicare but was still demanding duplicate payment from the Fund. Through counsel, in April, 2008, the Fund provided to NYPHS a number of additional examples of what appear to be erroneous charges and the Fund offered to meet and discuss the group of claims that had already been examined by the Fund.

The Fund received no response from NYPHS to that letter. Instead, Horizon filed this lawsuit.[3]

---

[3] The complaint makes it abundantly clear that plaintiffs are acting as agents of, or in privity with, the Hospitals in seeking monies allegedly owed to the Hospitals due to the Fund's denial of claims or failure to pay claims as billed in full. As alleged, due to the Fund's failure to pay all of the amounts that NYPHS claims it is owed, NYPHS commenced an arbitration proceeding against plaintiffs seeking payment of the claims. (Complaint, ¶ 3). Continuum is alleged to have threatened litigation against plaintiffs for "amounts owed by the Fund on outstanding claims," but Continuum has agreed allegedly to "look first to the Fund for payment of these allegedly outstanding claims, and only seek payment from Horizon if these efforts were not fruitful." (Complaint, ¶ 4). However, according to the complaint, Continuum will now look to plaintiffs for payment of the claims. *Id.*



According to the complaint, the only failure of the Fund which plaintiffs seek to remedy is the alleged failure to pay the amounts charged to the Fund by the Hospitals. That does not implicate or involve in any way any arrangement or "contract" between plaintiffs and the Fund. Plaintiffs provided to the Fund's participants and beneficiaries access to certain hospitals with which plaintiffs had negotiated certain discounted rates for services rendered by those hospitals. (Complaint ¶ 12). In exchange, the Fund paid Horizon an administrative fee. (Complaint ¶ 17; see Exh. D, p. 9, Art.IV.A). The Fund is responsible for determining the eligibility of individuals as participants and is responsible for adjudicating all claims for services provided by the Hospitals. (Complaint ¶ 18; see Exh. D, p. 5, Art. III).

As alleged by plaintiffs, it is the Fund's exclusive responsibility to pay claims. (Complaint ¶¶ 15, 17, 18, 20, 27). The Fund pays all participating providers in accordance with the Fund's "Plan of Benefits," *i.e.,* the SPD. (Exh. D, p.6, ¶ B.3). The Fund, upon its adjudication of a claim, is entitled to pay the claim or issue a notice of claim denial. (Exh. D, P. 6, ¶ B.6). Plaintiffs for their part are required to ensure that all of the participating providers accept payment from the Fund as full payment for covered services and that the Fund receives the full amount of all discounts, rebates, or adjustments granted by the participating providers to plaintiffs directly or indirectly related to covered services rendered to the Fund's participants and beneficiaries. (Exh. D, p. 4, ¶ A.7, 8). Further, in the event of a dispute between the Fund and a provider, plaintiffs are required to assist the Fund in resolving the dispute. (Exh. D, p. 7, ¶ B.8.b).

Thus, as alleged and as established by the SPD and the draft agreement, the Fund is the payor of the Hospitals' claims and was entitled to adjudicate the claims, to pay them, or to deny them, in full or in part, in accordance with its Plan of Benefits, and plaintiffs were to play no role

in that process except to assist the Fund in the event of a dispute with a provider. However, when the Fund disputed certain charges by the Hospitals or denied certain charges in whole or in part, plaintiffs commenced this action in which it assumes the role of collection agent for the Hospitals -- seeking to hold the Fund responsible for the difference between what the Hospitals charged for the services rendered to the Fund's beneficiaries and dependents and the amounts that the Fund has paid the Hospitals for those services. (Complaint, ad damnum clause ¶ 1).

## ARGUMENT

### I
### THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS ARE SUING TO RECOVER ERISA FUND BENEFITS

The complaint should not be remanded to state court because the federal court has subject matter jurisdiction. The question of whether the Court has jurisdiction over plaintiff's claims turn on whether the claims are preempted by ERISA. While preemption does not necessarily confer federal jurisdiction because it is generally raised as a defense to a plaintiff's lawsuit and does not appear on the face of a well-pleaded complaint, the "complete preemption" doctrine provides an exception to this rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Complete preemption arises where the "preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F. 3d 296, 304 (2d Cir. 2004), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The complete preemption doctrine applies "to any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Id.* at 305. ERISA preemption provides a valid basis for removal jurisdiction if (1) the state law cause of action is preempted by ERISA, and (2) that cause of action is "'within the scope'" of the

civil enforcement provisions of Section 502(a) of ERISA, 29 U.S.C. § 1132(a). *Plumbing Industry Board v. E.W. Howell Co., Inc.,* 126 F.3d 61, 66 (2d Cir. 1997) (citation omitted). The Fund properly removed the complaint because the claims are all preempted by ERISA and are within the scope of the civil enforcement provision.

A.    **Plaintiffs' Claims Are Preempted by ERISA**

ERISA promotes the interests of employees and their beneficiaries in employee benefit plans. *Id.* The statute regulates the administration of plans and provides for "appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefits plans." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004). To ensure uniformity in the administration of benefit plans in order to encourage the growth of benefit plans and minimize the burden of compliance with conflicting state laws, ERISA contains an express preemption provision which provides that ERISA shall supersede "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. 1144(a). ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement" in Section 502(a), 29 U.S.C. § 1132(a). *Massachusetts Mut. Life Ins. Co., v. Russell,* 473 U.S. 134, 147 (1985). "The detailed provisions of § 502(a) … represent[ ] a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987).

Preemption applies when a state law clearly "refers to" ERISA plans in the sense it "acts immediately and exclusively upon ERISA plans" or where the "existence of ERISA plans is essential to the law's operation." *California Div. of Labor Standards Enforcement v. Dillingham*

*Const., Inc.,* 519 U.S. 316, ___ (1997).   A state law is also preempted if it has a clear "connection with" a plan in the sense that it "mandate[s] employee benefit structures or their administration," "provid[es] alternative enforcement mechanisms," *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 658 (1995), or mandates whether and how benefits are to be paid by an ERISA plan. *FMC Corp. v. Holliday,* 498 U.S. 52 (1990); *Boggs v. Boggs,* 520 U.S. 833 (1997).

State laws encompassed by ERISA's preemption provision include not only state statutes, but state common law causes of action relating to employee benefit plans.  "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc.,* 542 U.S. at 209 (citations omitted).  See also, *Smith v. Dunham Bush, Inc.,* 959 F. 2d 6, 8-10 (2d Cir. 1992) (breach of contract and negligent representation claims preempted); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F. 2d 270, 287-88 (2d Cir. 1992) (common law fraud claims preempted); *Nealy v. U.S. Healthcare HMO,* 944 F. Supp.966 (S.D.N.Y. 1994) (breach of contract, misrepresentation, and breach of fiduciary duty claims preempted).

Plaintiffs' claims are all preempted under the established law.   Count One of the complaint, while framed as a claim for a breach of an alleged administrative services agreement between plaintiffs and the Fund, is in fact nothing more that a claim to recover benefits due to participants and beneficiaries of the Fund for services rendered by the Hospitals.   Such claims are preempted by ERISA and removable to federal court. *Aetna Health Inc. v. Davila,* 542 U.S. 200; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41; *Midpoint Service Provider, Inc. v. CIGNA, The Developmental Disabilities Institute Health Plan,* 256 F.3d 81 (2001); *Weisenthal v. United*

*Health Care Ins. Co. of New York,* 2007 U.S. Dist. LEXIS 91447 (S.D.N.Y. 2007); *Berry v. MVP Health Plan, Inc.,* 2006 U.S. Dist. LEXIS 95923 (N.D.N.Y. 2006); *Brandon v. Aetna Services, Inc.,* 46 F.Supp.2d 110 (1999); *Priority Solutions, Inc. v. CIGNA and Price Waterhouse Health Plan,* 1999 U.S. Dist. LEXIS 17605 (S.D.N.Y. 1999).

Counts Two, Three and Four of the complaint are also preempted and removable to federal court. Plaintiff has brought state law claims for breach of the duty of good faith and fair dealing, unjust enrichment, and prima facie tort, all based upon the allegations that the Fund has failed to pay amounts claimed by the Hospitals to be owed for services rendered by them to the Fund's participants and beneficiaries. As those claims are duplicative of claims provided in section 502(a) of ERISA, 29 U.S.C. § 1132(a) which provide the exclusive means to force an employee benefit plan to pay benefits, they are preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a). *Aetna Health Inc. v. Davila,* 542 U.S. 200; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41. See, *Gianetti, M.D. v. Blue Cross and Blue Shield of Conn., Inc.,* 2008 WL 1994895 (D. Conn. 2008).

**B.    Plaintiffs' Claims Are Within The Scope**
**of ERISA's Civil Enforcement Provision**

Plaintiffs' claims are within the scope of ERISA's civil enforcement provision because their claims seek to recover benefits that the Hospitals claim Horizon owes to the Hospitals for services rendered to participants and beneficiaries of the Fund and there is no independent legal duty involved.

It cannot be disputed that the participants and beneficiaries who received the services rendered by the Hospitals and the Hospitals themselves, as providers of the services to the participants and beneficiaries, would have a federal claim under ERISA against the Fund for

benefits. See, *Clinton Sewell, M.D. v. The 1199 National Benefit Fund for Health and Human Services,* 2006 U.S. App. LEXIS 15105 (2d Cir. 2006) (healthcare provider has claim against employee benefit fund to recover plan benefits); *Berry v. MVP Health Plan, Inc.,* 2006 U.S. Dist. LEXIS 95923 (registered nurse has ERISA claim); *The American Medical Ass'n v. United Healthcare Corp.,* 2002 U.S. Dist. LEXIS 20309 (S.D.N.Y. 2002) (providers have ERISA claim for benefits). Such claims are concededly within the scope of ERISA's civil enforcement provision.

Here, while the Hospitals could have brought claims under section 502(a) of ERISA against the Fund, instead they commenced an arbitration against Horizon for the amounts owed and Horizon thereupon sued the Fund in this proceeding to collect the monies claimed to be owed by the Fund to the Hospitals. As in *Aetna Health Inc.,* 542 U.S. 200, the only action complained of by plaintiffs is the refusal of the Fund to approve payment for the amounts claimed by the Hospitals to be owed for medical services provided to the Fund's participants and beneficiaries. 542 U.S. at 211. This duty does not arise independently of ERISA or the terms of the employee benefit plan, the SPD.

Plaintiffs, relying solely upon Third Circuit law, claim that this case is governed by *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393 (3d Cir. 2004). In *Pascack,* the Third Circuit held that a suit against a fund for payments owed was not "completely preempted" and the hospital there could not have brought suit under ERISA. That decision does not represent the law in the Second Circuit because, in contrast to the *Pascack* decision, the Hospitals have a viable ERISA claim against the Fund. Moreover, unlike *Pascack,* there is no "independent legal duty" alleged in plaintiffs' complaint. The only

duty at issue in the complaint is the Fund's duty to pay pursuant to its SPD.[4]  As far as the complaint alleges and the SPD and draft agreement show, the Fund is the *final adjudicator* of claims under its SPD and other plan documents.  The relief requested by Horizon in this case cannot possibly be determined without resort to the SPD.  Thus, the argument that the complaint is based upon an independent legal duty outside of ERISA is meritless.

Furthermore, it is apparent from the circumstances underlying this action that plaintiffs have commenced this lawsuit, based upon an agreement, whether express or implied, with the Hospitals, upon which the Hospitals relied in bringing the arbitration to hold plaintiffs liable for the claims that have not been paid by the Fund.  Although plaintiffs have not alleged the specifics of their contracts with the Hospitals, the complaint states sufficient facts from which it can be concluded that the Hospitals have transferred their right to sue the Fund for the benefits due to plaintiffs.  Plaintiffs are acting as the collection agent for the Hospitals and, whether characterized as an assignment or an agreement, the Hospitals have in effect transferred their right to demand performance from the Fund to plaintiffs.  "No particular words are necessary to effect an assignment; it is only required that there be a perfected transaction between assignor and assignee, intended by those parties to vest in the assignee a present right to the things assigned."  *Weisenthal v. United Health Care Ins. Co. of New York,* 2007 WL 4292039 *5, quoting *Leon v. Martinez,* 84 N.Y. 2d 83, 88 (1994) (discussing 9-49 Corbin on Contracts § 879).

The allegations of the complaint and the underlying circumstances, including the fact that the Hospitals sought to have the Fund pay the amounts in question, that NYPHS commenced an arbitration to hold plaintiffs liable for those amounts, and then apparently agreed to defer any legal action they might take against the Fund pending the disposition of this lawsuit.  Such

---

[4] Horizon's statement that this lawsuit does not involve the "retrieval of benefits" is nonsensical since the payments that the Hospitals claim are themselves the benefits.

conduct manifests the intention of the Hospitals to transfer to plaintiffs their right to recover on the claims for services rendered by them to the participants and beneficiaries of the Fund. The transfer was complete upon the commencement of this action.

While it has often been stated that the party who brings the suit is master to decide what law he will rely upon, *Franchise Tax Brd. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 22 (1983) (citations omitted), "it is an independent corollary of the well pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint...." *Id.,* citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 376 F. 2d 337, 339-40 (6th Cir. 1967), *aff'd,* 390 U.S. 557 (1968). In this case, plaintiffs are suing as agents or transferees of, or in privity with, the Hospitals to recover benefits from an ERISA fund based upon an agreement, whether implied or express, that the Hospitals will forego their rights against the Fund and transfer those rights to plaintiffs. Such a claim goes directly to the heart of the Fund's ERISA plan and its provisions in an attempt to make the plan pay claims it contests.

To permit plaintiffs to undermine the comprehensive legislative scheme and integrated enforcement mechanism in ERISA by concealing or not pleading clearly and specifically the basis upon which it is suing the Fund -- to force payment of claims that have been denied or denied in part for reasons based upon the SPD and other plan provisions -- would undermine the uniformity that Congress intended when it made employee benefit plan regulation "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523 (1981).

## II
## PLAINTIFFS' REQUEST FOR
## ATTORNEY'S FEES AND COSTS SHOULD BE DENIED

Plaintiffs' request for fees and costs, in the event the Court remands this case to state court, should be denied. As then-District Judge Sotomayor recognized in *Mermelstein v. Maki,*

830 F. Supp. 184, 186 (S.D.N.Y. 1993), while the remand statute permits the award of costs and fees, it does not mandate them.  Section 1447(c) "leaves the decision to award such [fees] to the Court's discretion, and courts frequently decline to do so."  *United Mutual Houses, L.P. v. Andujar,* 230 F. Supp.2d 349, 354 (S.D.N.Y. 2002).  In *Mermelstein,* the court denied fees in part on the ground that "[t]here are . . . important countervailing policies at stake as well-such as the possible chilling on defendants' exercise of their right to a federal forum,"  and that "fee-shifting is not appropriate where. . . plaintiff has failed to demonstrate that defendants acted in bad faith …."  830 F. Supp. at 187.   While a finding of bad faith is not required to award costs, the lack of bad faith is a factor to be considered when the Court applies the test of "'overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties.'"  *Wilds v. United Parcel Service,* 262 F. Supp.2d 163, 184 (S.D.N.Y. 2003), quoting *Morgan Guaranty Trust Co. of New York v. Republic of Palau,* 971 F.2d 917, 923-34 (2d Cir. 1992).

In this case, an award of fees and costs is not warranted.  Defendant is an ERISA employee benefit fund subject to uniform regulation and protected from state regulation by an encompassing preemption provision and is rarely sued in state court and is not subject to suit in state court except in rare situations.  Its assets are intended to solely for the benefit of its participants and beneficiaries.  The claims of plaintiffs in this lawsuit are ERISA claims, and the issues around removal are not clear-cut.  The only cases cited by plaintiffs on the remand are outside of the Second Circuit.  Moreover, there is no evidence that this removal was merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessarily expenses.  Therefore, the Court should not award fees and costs if the case is remanded.  See, *Mastec Latin America v. Inepar S/A Industrias E. Construcoes,* 2004 WL 1574732 (S.D.N.Y. 2004) (defendant had colorable argument, albeit ultimately unpersuasive); *Sbarro v. Karykous,* 2005

WL 1541048 (E.D.N.Y. 2005) (argument by defendants not frivolous and no attempt to harass); *Property Clerk v. Fyfe,* 197 F. Supp.2d 39 (S.D.N.Y. 2002); *Elmira Teachers' Ass'n v. Elmira City School District,* 2006 WL 240552 (W.D.N.Y. 2006) (absence of bad faith and existence of colorable question on removal); *Wyly v. Milberg Weiss Bershad Schulman, LLP,* 2005 WL 1606034 (S.D.N.Y. 2005) (dubious nature of plaintiff's claims); *Berisic v. Winckelman,* 2003 WL 21714930 *4 (S.D.N.Y. 2003) (removal not an attempt to expose plaintiff to "abuse, unnecessary expense [or] harassment" (citation omitted).)

For the foregoing reasons, it is respectfully requested that the Court not award fees or costs to plaintiffs in the event of remand.

## CONCLUSION

For all of the foregoing reasons, the Fund respectfully urges that the Court deny the motion to remand and the request for fees and costs.

Dated: July 14, 2008
     New York, New York

                        Respectfully submitted,

                        PITTA & DREIER LLP
                        *Attorneys for Defendant*

                        By
                          Jane Lauer Barker (JB 5436)
                        499 Park Avenue
                        New York, NY 10022
                        (212) 652-3890 (telephone)
                        (212) 652-3891 (facsimile)