Todd L. Schleifstein (TS 3787)
Joshua R. Pini (JP 9548)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Plaintiffs*
*Horizon Healthcare Services, Inc., Horizon*
*Healthcare of New York, Inc., and Rayant*
*Insurance Company of New York f/k/a Horizon*
*Healthcare Insurance Company of New York*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC., HORIZON HEALTHCARE OF NEW YORK, INC., and RAYANT INSURANCE COMPANY OF NEW YORK f/k/a HORIZON HEALTHCARE INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiffs, <br><br> v. <br><br> LOCAL 272 LABOR MANAGEMENT WELFARE FUND, <br><br> Defendant. | Civil Action No 08-cv-4428 (LTS) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF PLAINTIFFS' MOTION TO REMAND**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................2

I.     REMAND SHOULD BE GRANTED BECAUSE THE FUND FAILS TO SHOW THAT HORIZON COULD HAVE BROUGHT SUIT UNDER ERISA § 502(A) ..........3

II.    REMAND SHOULD BE GRANTED BECAUSE THE FUND FAILS TO SHOW THAT ITS ACTIONS DO NOT IMPLICATE AN INDEPENDENT LEGAL DUTY. .....................................................................................................................6

CONCLUSION .............................................................................................................................9

i

Plaintiffs Horizon Healthcare Services, Inc., Horizon Healthcare of New York, Inc., and Rayant Insurance Company of New York f/k/a Horizon Healthcare Insurance Company Of New York (collectively, "Horizon") respectfully submit this memorandum of law in further support of their motion to remand this case to state court.

## INTRODUCTION

Defendant Local 272 Labor Management Welfare Fund ("the Fund") misapprehends the law governing motions to remand following removal on ERISA grounds. The United States Supreme Court has declared that a plaintiff's claims are completely preempted by ERISA (such that a federal court has original jurisdiction over them) if -- and only if -- the plaintiff's claims could have been brought under ERISA's civil enforcement provision and the defendant's alleged actions do not implicate an independent legal duty. The burden to establish both elements is on the party seeking removal (i.e., the party opposing remand).

By its plain terms, ERISA Section 502(a)(1)(B) limits the parties that can sue to recover benefits or to enforce or clarify rights under an ERISA plan to ERISA plan participants and beneficiaries. Horizon fits within neither category; accordingly, Horizon could not have brought its claims against the Fund under ERISA's civil enforcement provision. Because the Fund has failed to establish this essential element for complete preemption, the Court need go no further in order to grant Horizon's remand motion.

However, the claims that Horizon alleges against the Fund also implicate a legal duty independent of ERISA. Funds, even ERISA-regulated ones, must comply with their obligations to others or face the prospect of being called to account for their conduct. That is exactly what this case is about. Horizon alleges that the Fund breached its contract with Horizon by failing to pay certain hospitals in full for services rendered to Fund members and by failing to indemnify

1

Horizon for costs that Horizon has incurred, or will incur, as a result. These are common law, not ERISA, claims, and the legal duty on which they are based is independent of ERISA.

Given the Fund's inability to establish the requisite elements for complete ERISA preemption (and given, also, the strong presumption against preempting state law in favor of ERISA), Horizon's motion to remand should be granted. The Court should, however, go a step further. In correspondence between the parties prior to this motion practice, the Fund freely acknowledged that Horizon lacked standing to bring suit under ERISA's civil enforcement provision.[1] Such acknowledgement was a tacit admission by the Fund that it could not support the allegations that it made in its removal petition. This motion to remand has forced Horizon -- and this Court -- to expend valuable resources needlessly. Courts frequently note that the simplicity of the removal process can invite abuse, and they do not hesitate to award attorney fees in cases where the removing party lacked an objectively reasonable basis for seeking removal. Horizon respectfully submits that this is such a case. Accordingly, the Fund should be required to pay Horizon the attorney fees it incurred in connection with this remand motion.

## ARGUMENT

The United States Supreme Court has declared that an individual's cause of action is completely preempted (and, thus, properly removed to federal court) "if [the individual], at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B), and where there is no

---

[1]   The Fund's Counsel suggests, without citation to any authority, that the Court should ignore the letters exchanged between the parties because such letters are meant to help the parties "settle their disputes."  *See* Declaration of Jane Lauer Barker, ¶ 24. In fact, the purpose of these letters is to require the parties to attempt to resolve specific legal issues informally before burdening the Court with motion practice. Notwithstanding the fact that encouraging the parties to speak to each other might, in some cases, ***lead to*** settlement discussions, these letters are not generally -- and were not in this case -- offers to compromise claims, such as might be protected from disclosure under the Federal Rules of Evidence. Moreover, at the same time counsel criticizes Horizon for mentioning these non-settlement-related letters, the Fund's opposition papers rely heavily upon actual informal settlement discussions between the parties, including, for example, a detailed description of the positions that the parties took at a meeting among the Fund, Horizon and the third-party hospitals, a meeting convened for the sole purpose of discussing settlement of the claims.

other independent legal duty that is implicated by a defendant's actions . . . ." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004). The Fund has not met its burden to show either of these two essential elements. *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) (holding that defendant asserting jurisdiction in removal petition has burden of establishing that removal is proper).

I. **REMAND SHOULD BE GRANTED BECAUSE THE FUND FAILS TO SHOW THAT HORIZON COULD HAVE BROUGHT SUIT UNDER ERISA § 502(a).**

Federal courts only have original ERISA jurisdiction over claims that fall within the scope of § 502(a). *Grunwald v. Physicians Health Svcs. of N.Y., Inc.,* 1998 WL 146226 at *6 (S.D.N.Y. Mar. 25, 1998) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987), and *Plumbing Ind. Bd. v. E.W. Howell Co., Inc.,* 126 F. 3d 61, 69 (2d Cir. 1997)). Section 502(a)(1)(B) permits ERISA ***participants and beneficiaries*** to bring suit to recover benefits or to enforce or clarify rights under an ERISA plan. *NYU Hospitals Center-Tisch v. Local 348 Health and Welfare Fund,* 2005 WL 53261 at *2 (S.D.N.Y. Jan. 6, 2005) (quoting 29 U.S.C. § 1132(a)(1)(B)).[2] As noted in *Nechis v. Oxford Health Plans, Inc.,* "[t]he Supreme Court has construed § 502 narrowly to allow ***only the stated categories of parties to sue for relief*** directly under ERISA." 421 F. 3d 96, 100-01 (2d Cir. 2005) (emphasis added) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27 (1983)); *see also id.* ("The Second Circuit has, of course, followed on these well-marked paths."). Thus, if the claimant is not an ERISA participant or beneficiary, then the claims could not have been brought under § 502(a), and remand should be granted.

---

[2] Although ERISA Section 502(a)(1)(C) (which permits ERISA participants, beneficiaries and fiduciaries to bring suit to enjoin violations of an ERISA plan or to obtain other equitable relief) is not part of the two-part *Davila* test, Horizon is also not a Fund fiduciary. *See* Statement of Facts, Horizon Moving Brief, p. 2 and n. 1, (explaining that Horizon provides only administrative services to the Fund).

That was the conclusion reached in *NYU Hospitals Center-Tisch*. In that case, plaintiff (a hospital) brought suit against an ERISA fund to recover payment for its services. The fund removed, and the hospital moved to remand. Based on the principles set out above, the court concluded that, as a healthcare provider, the hospital could not have brought its claims under § 502(a). 2005 WL 53261 *3.[3] Therefore, the court held that "plaintiff's claim fails the Supreme Court's test for complete preemption, and hence removal by defendant on that basis." *Id.*

Similarly, in *Grunwald,* plaintiff insurance brokers sued a medical insurance provider, alleging that the insurance provider failed to pay them earned commissions on medical coverage they allegedly brokered for ERISA plan members. Citing *Metropolitan Life* and other Supreme Court cases holding that, for federal jurisdiction, claims must be within the scope of § 502(a), the court observed that, because "the plaintiffs are neither participants, beneficiaries, nor fiduciaries of the [ERISA] plan…, the defendants have failed to meet the [standing] prerequisite for removal." 1998 WL 146226 at *7.

The Fund does not bring these or similar cases to the Court's attention. Instead, the Fund criticizes Horizon for citing the Third Circuit's decision in *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F. 3d 393 (3d Cir. 2004), claiming that *Pascack* "does not represent the law in the Second Circuit because, in contrast to the *Pascack* decision, *the Hospitals* have a viable ERISA claim against the Fund." Fund Brief at 9 (emphasis added). Whether "the Hospitals" have a viable ERISA claim against the Fund is not the point. Horizon is the plaintiff here, not the Hospitals. The Fund attempts to avoid that inconvenient reality by claiming that Horizon is effectively acting as the Hospitals' agent in this suit. *See id.* at 10

---

[3] The fund was unable to show that an ERISA plan participant or beneficiary had assigned his/her claim to the hospital, which would have given the hospital standing to sue under § 502(a). *Id.* (citing cases holding that "healthcare providers to whom a beneficiary has assigned his or her claim in exchange for healthcare have standing to sue under ERISA to recover for medical expenses incurred").

4

("[Horizon is] acting as the collection agent for the Hospitals and, whether characterized as an assignment or an agreement, the Hospitals have in effect transferred their right to demand performance from the Fund to [Horizon]." Putting aside the fact that the Fund has absolutely no basis for making such a nonsensical assertion, the Hospitals have no "right" that they could "transfer[]" to Horizon. While it is true that, if *a service provider* (here, the Hospitals) presents evidence of assignment *from an ERISA participant or beneficiary*, i.e., from the parties who are authorized to bring suit under § 502(a)(1)(B), such assignment will be recognized as giving *the service provider* a right to sue under § 502(a)(1)(B). Indeed, that was the conclusion reached in *Weisenthal v. United Health Care Ins. Co. of N.Y.,* 2007 WL 4292039 (S.D.N.Y. Nov. 29, 2007), which the Fund cites in support of its misguided assignment argument. *See* Fund Brief at 10. But -- even if the Fund's far-fetched conjectures regarding Horizon's motives for bringing this suit could be credited -- the Fund has proffered no evidence that the Hospitals ever received any assignment from an ERISA participant or beneficiary. Moreover, no case in this jurisdiction or anywhere else supports the notion that the Hospitals could then *re-assign* a right to sue under § 502(a) to a third party, i.e., to Horizon. It is not surprising that the Fund provides no authority for the novel theory that *an assignment of an assignment* affords § 502(a) standing to sue. It is simply not the law.[4]

Because the Fund has failed to establish the first element necessary for complete preemption, the Court need go no further and should grant Horizon's motion to remand on this basis alone. *See NYU Hospitals Center-Tisch,* 2005 WL 53261 at *4 ("Holding, as I do, that remand is proper because the requirements of the first half of *Davila*'s test for complete

---

[4] To the extent this "assignment of an assignment" theory was the basis for the Fund's removal petition (and the Fund has articulated no other theory with respect to the "standing" requirement), it was not "objectively reasonable." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-40 (2005) (finding attorney fee award appropriate "where the removing party lacked an objectively reasonable basis for seeking removal").

5

preemption have not been met, it is unnecessary for me to perform a protracted analysis of the facts before me to determine whether 'there is no other independent legal duty that is implicated by . . . defendant's actions'. . . .").

## II.  REMAND SHOULD BE GRANTED BECAUSE THE FUND FAILS TO SHOW THAT ITS ACTIONS DO NOT IMPLICATE AN INDEPENDENT LEGAL DUTY.

Even if the Fund were able to establish that Horizon could have brought suit under § 502(a), the Fund would still have to show that its actions implicate no independent legal duty. *See Davila,* 542 U.S. at 210.  The Fund cannot make such showing because, as Horizon explained in its moving brief, the claims that Horizon asserts do not involve the retrieval of benefits due under the Fund's ERISA plan, nor do they require any analysis of the plan.  Nor is Horizon challenging any eligibility or coverage determinations.  The only issue in dispute is the rate at which the Fund was required to reimburse the Hospitals pursuant to its contract with Horizon.

This is not the kind of dispute that ERISA preempts.  As the *Grunwald* court explained:

> The defendants have not shown that New York's common laws of contract and tort clearly refer to ERISA plans.  ***It is plain that these laws do not act immediately and exclusively on ERISA plans***; in fact, New York law does not expressly refer to ERISA for these causes of action.  Further, the operation of these laws does not depend on the presence of ERISA plans because such plans are not an element of breach of contract and tort causes of action. [internal citation omitted]  Moreover, state law "will not be preempted simply because it contains a passing mention of or allusion to ERISA -- a reference justifies preemption only if the challenged [law] affects ERISA plans in a practical way." [internal citation omitted]  Although the Hospital's plan is undisputedly governed by ERISA and the share of the premiums sought by the plaintiffs would not exist in the absence of that plan, such a reference does not affect the plan in any practical way so as to trigger preemption. . . . ***The obligation of [defendant] to meet its alleged contractual obligations to a third party is no different***

6

> *from the obligation of any other persons and entities in the state to comply with their contractual commitments.*

1998 WL 146226 at *4 (emphasis added). That plaintiff's recovery will come from ERISA plan assets is unimportant. Indeed, that is merely an "incidental effect" and is "no different from the effect of other laws of general applicability that employee benefit plans must comply with without triggering preemption." *Id.* at *5.

The Second Circuit's decision in *Thrift Drug, Inc. v. Universal Prescription Administrators,* 131 F. 3d 95 (2d Cir. 1997), is instructive. In that case, plaintiff pharmacies sued an ERISA plan administrator for failing to pay required reimbursements under an implied contract. The administrator argued that, because the pharmacies disbursed prescriptions to ERISA plan beneficiaries, the pharmacies' claim was really one for benefits and, as such, preempted under ERISA. The court was not persuaded:

> *[Plaintiff] . . . plainly does not represent any participants or beneficiaries of [defendant's] benefit plan. In this simple contract cause of action, [plaintiff] represents only itself* seeking reimbursement from [defendant] for the prescriptions [plaintiff] dispensed. [Plaintiff's] contract claim *has no effect on employee benefit structures or their administration and does not interfere with the calculation of any benefits owed to any employee.* In short, it relates only to the contractual relationship between a plan and its service provider and *does not remotely touch upon the relationship between the plan and its beneficiaries.* Therefore, ERISA preemption is not implicated.

*Id.* at 98 (emphasis added).

The same conclusion was reached in *NYU Hospitals Center-Tisch,* where the basis of the hospital plaintiff's claim was that the ERISA fund defendant "did not pay the discounted charge within the specified time for the services plaintiff provided [to a fund member] . . . ." 2005 WL 53261 at *1. The court found it "plain" that such claim was not among those enumerated in § 502(a) and, therefore, not preempted by ERISA. *Id.* at *3 (citing *Atlantis Health Plan, Inc. v. Local 713, I.B.O.T.U.,* 258 F. Supp. 2d 284, 295 (S.D.N.Y. 2003) ("[N]one of the civil actions

7

enumerated in § 1132 contemplates an ordinary common law contract dispute such as that presented here for collection of premiums and/or damages between parties of the kind involved in the matter at hand.  [Plaintiff's] state law claims *do not seek to redress … violations of rules that ERISA's civil enforcement provisions were designed to remedy.*") (emphasis added)).

In sum, not only has the Fund failed to show that Horizon could have brought its claims under § 502(a), the Fund has also failed to show that its actions implicate no independent legal duty.  These failures are only compounded by the strong presumption against preemption that exists "in areas of historical state control."  *Hattem v. Schwarzenegger,* 449 F. 3d 423, 432 (2d Cir. 2006); *see also Cicio v. Does,* 321 F. 3d 83, 99 (2d Cir. 2003) (noting that Supreme Court has "rejected the notion that any *finely filigreed connection between ERISA and a state law* establish ERISA preemption") (citing *Pegram v. Herdrich,* 530 U.S. 211, 237 (2000) (emphasis added)).  The Court should, therefore, find that this matter was improperly removed and that Horizon's motion to remand should be granted

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in Horizon's moving brief, Horizon respectfully requests that its motion to remand be granted and that it be awarded its reasonable attorney fees and costs associated with the prosecution of this motion.

        Respectfully submitted,
        GREENBERG TRAURIG, LLP
        *Attorneys for Plaintiffs*
        *Horizon Healthcare Services, Inc., Horizon*
        *Healthcare of New York, Inc., and Rayant*
        *Insurance Company of New York f/k/a Horizon*
        *Healthcare Insurance Company of New York*

By   *s/ Joshua R. Pini*
      Todd L. Schleifstein (TS 3787)
      Joshua R. Pini (JP 9548)

      The MetLife Building
      200 Park Avenue
      New York, New York 10166
      Tel: (212) 801-9200
      Fax: (212) 801-6400

      -and-

      David Jay
      Peter J. Gallagher

      200 Park Avenue
      Florham Park, New Jersey 07932
      Tel: (973) 360-7946
      Fax: (973) 301-8410

Dated: July 21, 2008
       New York, New York